RUTLAND,
*February,*
1830.

LEONARD JARVIS, appellee *vs.* JUSTUS ROGERS, administrator of
EASTUS BARKER, appellant.

Where a note was executed and put into the hands of a third person, but was not to be delivered to the payee until certain conditions were performed,—it was held that no recovery could be had on the note though a suit be brought for the benefit of the holder who has an interest in the note : and that

Where one of the conditions, on which the delivery of the note depended, was, that certain suits should be instituted in the name of the payee for the benefit of the signers of the note, it was not a performance of the condition that the suits were commenced, but were ordered to be discontinued by the payee.

This was an appeal from the determination of commissioners. In the county court, to which the appeal was taken, the appellee declared upon a promissory note, dated May 21st, 1825, for the sum of $613, payable November 21st, 1826, executed by Jaazaniah Barrett, jun. and the intestate, jointly and severally, to the appellee. On the trial it appeared that the note was executed under the following circumstances. The appellee, having a demand against *Jonathan F. Barrett, William Hitt,* and *Bradford Barnes,* delivered it to *William G. Hunter,* an attorney, for collection, who instituted a suit upon it. The writ was put into the hands of *Chester Spencer,* an officer, who served it by attaching certain property as belonging to *Jonathan F. Barrett,* and made a return of *non est inventus* as to *Hitt* and *Barnes.* The property attached was receipted to *Spencer* by *Jaazaniah Barrett, jun.* and a judgement being recovered in the suit against *Jonathan F. Barrett,* and he committed to jail on the execution, *Spencer* commenced a suit on the receipt. The intestate claimed the property, which had been attached and receipted, as his, and commenced

a suit against *Spencer* for taking it. While these suits were pen-
ding, and while *Jonathan F. Barrett* was in prison on the execu-
tion, *Spencer, Jaazaniah Barrett, jun.* and the intestate, entered
into an arrangement, with a view to put an end to the suits between
them, and secure the demand due to the appellee. *Jaazaniah
Barrett, jun.* and the intestate executed the note declared upon,
and at the same time an agreement was signed by them and *Spen-
cer,* stating that the note was executed by *Barrett* and the intestate,
and delivered to *Spencer,* on the following conditions : That
Spencer should give up the receipt which he held against Jaaza-
niah Barrett, jun. ; that the note should not be delivered to the
appellee, nor to Hunter, his attorney, nor be controuled by them,
until an agreement should be made in writing, and forwarded to
the intestate and Jaazaniah Barrett, jun., stipulating that the com-
mitment of Jonathan F. Barrett should remain for their benefit ;
and that suits should be commenced at the next term of the coun-
ty court, in Rutland county, against William Hitt, and, in the coun-
ty of Bennington, against Bradford Barnes, on the original de-
mand.   Hunter, the appellee's attorney, testified that Spencer of-
fered him the note in payment of the original demand, which he
*refused to receive,* and that he never authorized the taking of said
note ; that he never made any stipulation or agreement, that the
commitment of Jonathan F. Barrett should remain for the bene-
fit of the intestate and Jaazaniah Barrett, jun. ; that he never
commenced any suit against William Hitt and Bradford Barnes
on the original demand after the judgement was obtained against
Jonathan F. Barrett, nor authorized any such suit ; but that on be-
ing informed that suits had been commenced against Hitt and
Barnes, he caused them to be stopped, they having been commen-
ced without his knowledge or consent.   The appellee then pro-
ved that Jonathan F. Barrett had sworn out of jail on the original
demand, Feb. 4th, 1826, about nine months after he was commit-
ted.   It appeared in evidence that a suit had been commenced
against Hitt, returnable to the county court in Rutland county,
June term, 1825, and another against Barnes, returnable to the
county court in Bennington county.   The one against Hitt was
served, but not entered in court, and the one against Barnes was
returned *non est inventus.* It was not contended but that these suits
were commenced agreeably to said stipulation.   The appellee
conceded that the agreement stipulating that the commitment of
Jonathan F. Barrett should remain for the benefit of the intestate
and Jaazaniah Barrett, jun. was not procured ; and there
s.s

RUTLAND,
*February,*
1830.

Jarvis
*vs.*
Barker's adm.

RUTLAND,
February,
1830.

Jarvis
vs.
Barker's adm.

was no evidence offered that Spencer had ever given up the receipt, mentioned in the agreement, nor was there any objection made to the validity of the note on the ground that the receipt was not given up. The defendant contended that the conditions on which the note was to be delivered to the payee not having been complied with, it was void, and that Hunter having refused to receive the note, and having pursued the original claim and collected the money, and having refused to enter into the written stipulations, or to authorize the suits to be commenced, agreeably to the conditions of Spencer's agreement, that a suit could not be maintained in the name of *Jarvis* for the benefit of Spencer. The court decided that the suit could be sustained ; that the material part of the conditions having been complied with, the note was valid ; that Spencer having caused suits to be commenced, he had fulfilled his agreement in that particular, as he did not agree to prosecute them to final judgement ; that as Jonathan F. Barrett, swore out of jail, it was not material whether the intestate and Jaazaniah Barrett, jun. had the written stipulations or not. A judgement was accordingly rendered for the appellee to recover the amount of the note. The defendant's counsel filed exceptions, which being allowed, the cause was thereupon removed to this Court.

After argument,

PRENTISS, Ch. J. pronounced the opinion of the Court.—Considering the claim upon the note in question as prosecuted for the benefit of the appellee, it is very clear that no recovery could be had upon it ; for Mr. Hunter, the appellee's attorney, expressly refused to accept or recognise the note. But it was insisted on the trial, that the claim might be prosecuted, and a recovery had upon the note, in the name of the appellee, for the benefit of *Spencer ;* and it appears that this was the ground upon which the decision of the court below proceeded. The exceptions state that *Spencer* was interested in the note, but how does not appear ; though, probably, it was in consequence of his supposed liability to the appellee for the property attached in the suit on the appellee's demand against *Barrett, Hitt,* and *Barnes.* In the written agreement, he claimed to act, not in his own right, but as agent of the appellee, and took the note payable to the appellee ; and it is at least questionable, whether, as the appellee, by his attorney, refused to accept the note, and disclaimed having any interest in it, *Spencer* could recover upon it, in the name of the appellee, for

his own benefit.    But admitting that *Spencer* might avail himself
of the note, and prosecute a suit upon it for his benefit, yet to enable him to recover, he must shew a performance of the conditions on
which the note was executed.    The payment of the note depended on the performance of certain things which were in the nature of conditions precedent, and without the performance of which the note was to have no operation or effect.    One of the conditions was, that a stipulation in writing should be made and delivered to the makers of the note, securing to them the benefit of the commitment and imprisonment of *Barrett* on the execution in favor of the appellee ; and until that was done, it was expressly agreed, that the note should not be delivered to the appellee, or his attorney, or be subject to their controul.    But evidence being given, that, nine or ten months after the note and agreement were made, *Barrett* was admitted to the poor debtor's oath, and discharged from imprisonment, the court below decided, that the condition had become immaterial, and proof of its performance was unnecessary.    Where the performance of a contract depends on some act to be done by the plaintiff, the doing of the act is a condition precedent, which, according to the general rule, must be strictly performed, and no inquiry can be had whether its performance would have been beneficial or not.    If the parties by their contract make it material, the court cannot dispense with it ; but a performance, or some excuse for the nonperformance, must be shown.    But we can readily see that the stipulation, agreed to be made and delivered, might have been beneficial to the makers of the note.    Before *Barrett's* discharge from imprisonment, it would have given to them the benefit of the execution against him, and they might, perhaps, have shewn, that he was not entitled to the poor debtor's oath, and thus secured to themselves a benefit from his commitment.

The condition, which required that suits should be commenced against *Hitt* and *Barnes* on the original demand of the appellee, the court below considered had been performed.    It is true, that proof was given that writs were sued out on the demand against *Hitt* and *Barnes*, but it was also proved, that Mr. Hunter, the appellee's attorney, not only refused to authorize the suits, but as soon as he learnt that they were commenced he ordered them to be discontinued.    The suing out of the writs, under these circumstances, cannot surely be considered a performance of the condition.    It must be taken that the parties intended the institution of suits which might be carried on and prosecuted by the ma-

RUTLAND,
*February,*
1830.

Jarvis
*vs.*
Barker's adm.

kers of the note for their benefit; and it would be unreasonable to hold, that unauthorized suits, which the appellee's attorney immediately discontinued, and would not suffer to go on, satisfied the condition.

> Judgement reversed, and cause remanded
> to the county court for a new trial.

*Child,* for plaintiff.