## PENDERGAST *v.* MESERVE.

Pursuant to a verbal bargain the plaintiff gave the defendant a deed of certain land and the defendant at the same time paid him therefor a sum of money, and gave him the following written agreement:

"For value received, I promise to pay N. D. Pendergast, or order, one hundred dollars, when H. Pendergast, wife of said N. D. Pendergast, shall sign a certain deed given by said Pendergast to me, dated Sept. 5, 1843; and if said H. does not sign said deed, said note is null and void."

H. Pendergast, who had a right of dower in the land, died without signing the deed. *Held,* That the plaintiff could not recover the $100, as part of the price of the land, because that sum was never due to him except according to the written contract; nor on the contract, because H. Pendergast had not signed the deed.

ASSUMPSIT. The declaration contained three counts; the second, for money had and received, $120; the third, for $300, the price of land and real estate bargained and sold by the plaintiff to the defendant on the 5th day of September, 1843. In the first count the plaintiff declared, — that the defendant, September 5, 1843, in consideration that the plaintiff had then sold and conveyed to the defendant, by deed of that date, the dwelling-house and lot of land therewith connected, now occupied by the defendant, situated in Lee, for the sum of three hundred dollars, in which said house and lot, Hannah Pendergast, wife of the plaintiff, had at that time a right of dower, which she did not release to the defendant, then paid said Pendergast $200 in money, and promised to pay him the further sum of $100, when Hannah should sign the deed from said Pendergast to Meserve; and averred that Hannah died at Lee, on the 12th day of May, 1849; that she had never signed the deed, nor refused so to do; that her right of dower ceased and was extinguished by her death, and that the $100 had not been paid. Plea, the general issue.

The plaintiff produced and proved a writing signed by the defendant, of the tenor following:

"$100.00. For value received I promise to pay Nicholas D. Pendergast or order one hundred dollars, when Hannah Pendergast, wife of the said Nicholas D. Pendergast, shall sign a

certain deed given by said Pendergast to me, dated September 5th, A. D. 1843, and if the said Hannah does not sign said deed, said note is null and void.

Lee, September 5th, 1843."

Also, a deed executed by the plaintiff, dated September 5th, 1843, conveying to the defendant the premises described in the first count of the declaration.   He also proved that Hannah, the wife of the plaintiff, died in May, 1849.

Gorham W. Hoitt, one of the witnesses to the deed, testified, for the plaintiff, that he drew the deed at the request of the parties; that the premises were to be sold by the bargain the parties had made, at a price, which according to his impression at first was $300, but, on seeing the sum named as the consideration in the deed, he was inclined to think the price agreed on was $400 ; that Mrs. Pendergast, by this bargain, was to release her right of dower ; that when the deed was drawn, the parties applied to the wife of the plaintiff to sign the deed and she refused ; that the plaintiff and defendant then inquired what was to be done, and after some conversation made a verbal bargain, which they stated to the witness, and desired him to reduce it into writing; that he reduced this bargain into writing as he understood it from their statement ; that he read it over to them ; that each of them also read it over for himself, and they both then said it was correct, and as they had agreed ; that the defendant then signed the writing, which was the instrument declared on in the plaintiff's first count, and produced by him on the trial; that the plaintiff executed the deed ; that the deed was delivered to the defendant, and the other writing to the plaintiff, at the same time ; that by the new arrangement $100 less was paid to to the plaintiff than was agreed to be paid by the original bargain, and this sum of $100 was the same that was provided to be paid according to the writing signed by the defendant.   The deed contained the usual acknowledgment that the purchase-money had been paid, and it was not contended that any part of the price remained unpaid except the said $100.

Hannah Pendergast never signed the deed, nor was there any evidence that she was requested so to do.

The Court directed a verdict to be taken for the defendant, which the plaintiff moved to set aside, and for a new trial.

*Wells* and *Richardson*, for the plaintiff, cited *Tucker* v. *Maxwell*, 11 Mass. 143.

*Christie*, for the defendant.

PERLEY, J. According to the first bargain, which the parties made, the plaintiff's wife was to release her right of dower by joining in the deed with her husband. The plaintiff was unable to perform his part of that bargain, because his wife refused to execute the deed. Thereupon the first bargain was abandoned and a new one made, according to which the land was conveyed. The original verbal agreement for the sale of the land may therefore be laid out of the case.

The new agreement, on which the land was sold, was reduced into writing at the request of the parties; it was deliberately examined and considered by them ; was signed and delivered by the defendant and received by the plaintiff at the same time with the execution of the deed. The whole price of the land was paid according to the bargain, except such sum as might be due by the terms of the defendant's written contract. It is very plain, on extremely familiar principles, that the plaintiff, if he recover at all, must recover on the written contract. Nothing remains due for the land, unless the plaintiff is entitled to the one hundred dollars according to that contract.

The signing of the deed by the plaintiff's wife, is made a condition precedent to his right of recovery on the written contract. The writing provides in terms, that, unless she sign the deed, the note shall be void. The plaintiff undertook for the act of his wife. If he meant to claim on the contract, it was his business to see that she signed the deed. The wife had no power in law to act for, or by, herself; and the defendant could be under no obligation to apply to her on the subject. As to the defendant, the case stands as if the plaintiff had stipulated for his own act. Com. Dig. Condition, (L. 4) ; *Mill Dam Foundry* v. *Hovey*, 24 Pick. 417.

It might be conjectured and surmised from the general nature of the transaction that this sum of one hundred dollars was retained out of the price of the land on account of the wife's claim of dower; and that when her claim was extinguished, whether by her release, or by her death, it would be reasonable that the defendant should pay the money. But this is not the contract which the parties have seen fit to make. There is no suggestion of fraud or mistake. The written instrument, under which the plaintiff claims, is express and emphatic, that the money is not to be paid unless the plaintiff's wife sign the deed. Here is no ambiguity of language, and no exposition can be made against the express words of the written contract. It is not for us to inquire into the motives and reasons which induced the parties to make this agreement. They have made it in very plain terms, and the Court cannot make another for them. *Cutter* v. *Powell*, 6 Term Rep. 320; *Gerrard* v. *Clifton*, 7 Term Rep. 679; *Jenness* v. *Camp*, 13 Johns. Rep. 96; *Jarvis* v. *Rogers*, 3 Verm. Rep. 339.

It is not, however, difficult to suppose reasons which might induce the defendant to decline giving his contract to pay this sum at the death of the plaintiff's wife, if she did not sign the deed in her lifetime. It might embarrass a sale of the land by the defendant, or discourage him from making improvements on it, if his title were to remain clouded with an incumbrance of dower, till the death of the plaintiff's wife; and he might well insist that his contract should be so written as to furnish the plaintiff with a motive to procure a prompt discharge of the incumbrance. But it is enough that by the clear and unequivocal terms of the contract, the plaintiff is not entitled to recover on it.

*Tucker* v. *Merrill*, cited for the plaintiff, from 11 Mass. 143, is very distinguishable from this case. There, the defendant for an antecedent debt gave his draft to the plaintiff, payable on the return of the brig Cataract. The brig never returned; and after a reasonable time, the plaintiff brought his action on the draft, and also for the antecedent debt. The Court held, by reference to mercantile usage, that the plaintiff was not to take

the risk of the brig's return; that her return was mentioned as a general term of credit; that the plaintiff on the facts of that case, had his remedy for the original demand; but they distinctly held that the plaintiff could not maintain his action on the draft, except in the time of the draft itself, that is on the return of the vessel from the voyage then in contemplation."

In this case there is no antecedent debt, upon which the plaintiff can fall back, as he never had any claim, except by the writing.

*Judgment on the verdict.*