Parker, C. J.,
delivered the opinion of the Court.
The plaintiff was nonsuited, upon the ground that parole evidence was inadmissible to support the action; as the fact assumed to be proved, and which he wished to prove, was apparently contradictory to the deed which he .had executed; and because, by the statute oí frauds, this being a contract for the sale of lands, it cannot be proved but by writing signed by the party to be charged.
But we think neither of these objections well founded.
The case does not show an intent to contradict the deed, but merely to show a mistake in giving security for the consideration ; the effect of which was to deprive the grantor of part of the consideration. By the deed the plaintiff acknowledges that he had received the consideration, which is stated to be 1200 dollars. These formal parts of a deed receive so little attention, that to consider the acknowledgment of payment, they generally contain, ro be conclusive evidence of the fact, would be likely to do great injustice (26).
A man is estopped by his deed to deny that he granted or that he had a good title to the estate conveyed; but he is not bound by the consideration expressed; because that is known to be arbitrary, and is frequently different from the real consideration of the bargain. [14 Johns. 210.] It is so, we think, also with regard to the acknowledgment of payment. This always makes part of the premises, and is seldom true ; for in most cases credit for the whole, or for a part, is given. And if the grantor is to be bound by this expression, no remedy would be found for cases of error and mistake, which undoubtedly often occur. A receipt is always open to explanation; and this acknowledgment, although under seal, is *208 nothing more than a receipt; for the seal gives it no additiona solemnity. [3 D. &f E. 474.] f * 258 ] * As to the other point, it is not a cáse within the statute of frauds ; because it is not a contract for the sale of lands. That contract was executed and finished by the deed. This is only a demand for money, arising out of that contract (27).
If we were called upon to say, whether the evidence, as reported by the judge, was sufficient to enable the plaintiff to recover, we should probably not hesitate to decide in the negative. But, as the evidence was legally competent, it was for the jury to pass upon it. The nonsuit therefore must be set aside, and a new trial granted ; of which the plaintiff will avail himself, or not, as he shall be advised.

New trial granted.

 [It was held otherwise, and rightly, in Emery vs. Chase, 232, and Rowntret yb Jacob'sTaunt. 141.—Ed.7

 [Davenport vs. Mason, 15 Mass. 85.-^—Seymour vs. Bennett, 14 Mass. 266.— Pomeroy vs. Winship, 12 Mass. 514.—But see Kidder vs. Hunt, 1 Pick. 328.—Ed.]