*Rutland,*
February,
1827.

## Daniel Moon *vs.* Moses Hawks.

The possession of a personal chattel, with the consent of the owner, will not render the chattel liable to the debts or disposition of the possessor, unless the possession be fraudulent, and intended for colourable purposes, which is a question of fact for the jury to determine.

A sale or gift of a personal chattel *may be* inferred from possession and the accompanying circumstances of the case, where there is no direct proof of the fact.

If one receive of another several chattels at the same time, and under like circumstances, and use and sell a part as his own, with the knowledge of such other, it is proper evidence to a jury, as tending to prove him the owner of the residue.

If evidence pertinent to the issue, and tending, among other things, to prove a material fact, be rejected by the court, a new trial will be granted for that cause, although the evidence rejected might not, in the opinion of the court, have been sufficient for that purpose.

THIS was an action of trespass for taking a black mare, and other property described in the declaration. The plaintiff gave no evidence, excepting as to the mare. It was conceded that the property was taken by the defendant, who was a constable, as the property of one *Thomas Ramsdell,* on an execution in favour of *G. W. Daniels, & Co.* dated March 17, 1826. The plaintiff gave evidence tending to show, that he received the said black mare in May, 1820, in part payment of a note given to him and his wife on account of a legacy left to his wife by her father. It appeared in evidence, that the wife of the plaintiff was the widow of *Col. Ramsdell,* deceased, before she married the plaintiff, and the mother of Thomas Ramsdell aforesaid---That the plaintiff, his wife and said Thomas had lived together upon the farm of the deceased, and that the plaintiff and said Thomas had used the said black mare upon the said farm; a part of which farm was the dower of the plain-

tiff's wife in the estate of the deceased---That the plaintiff and his wife removed from said farm, leaving said Thomas in possession thereof. The defendant gave evidence tending to prove, that the said Thomas had been in possession of the said mare a long time before he took her on the execution, using her as his own upon the said farm. The defendant then offered evidence to prove, that the plaintiff and his wife sold her right of dower in the estate of Col. Ramsdell, and placed the property in the hands of Thomas Ramsdell, for the purpose of disposing of it and making a purchase of other lands, which were to be his, the said Thomas's, after the decease of the plaintiff and his wife, and that he the said Thomas did dispose of this property as his own, with the knowledge of the plaintiff:---which evidence was objected to by the plaintiff, and rejected by the court.

*Rutland,*
*February,*
*1827.*

Moon
*vs.*
Hawks.

The defendant offered evidence to prove, that at the time the plaintiff received the black mare in question, he also received a grey mare, and applied the value upon the same note.---That said grey mare was used and sold by said Thomas, as his own, with the knowledge of the plaintiff, who made no claim for her after the sale:---which evidence was objected to by the plaintiff, and rejected by the court. Verdict for the plaintiff.

The defendant excepted to the decisions of the court rejecting said testimony ; and the cause now came before this Court on a motion for a new trial, founded on the exceptions aforesaid.

The case was argued by *Royce* and *Williams*, in support of the motion, and by *Hodges* and *Bates*, contra.

The opinion of the Court was delivered by

Prentiss, J. The matter in issue between the parties on the trial, was, whether the mare in question, at the time she was taken on the execution, was the property of the plaintiff, or of *Ramsdell*, the judgment debtor. The plaintiff having proved, that the mare was received by him in payment of a note, given to him and his wife, the mother of Ramsdell, on account of a legacy left her by her father, the defendant offered, and was permitted to prove, that Ramsdell had been in possession of the mare a long time before she was taken by the defendant, using her as his own. Connected with this, the defendant offered to prove, that the plaintiff had placed in the hands of Ramsdell, to be disposed of by him for the purchase of lands to become his after the decease of the plaintiff and his wife, certain property, which the plaintiff had received on the sale of his wife's right of dower in the estate of her former husband, and that Ramsdell had used and disposed of this property ; and also, that at the time the plaintiff received the mare in question, he received a *grey mare* upon the same note given him for the legacy left his wife, and that Ramsdell, with the knowledge of the plaintiff, and without objection, used and sold the grey mare as his own. This evidence was objected to by

the plaintiff, and rejected by the court; and the inquiry now is, whether it was relevant and pertinent to the issue, and ought to have been admitted.

It is very clear, that the mere possession of a personal chattel, with the consent of the owner, will not render the chattel liable to the debts or disposition of the reputed owner. It is true, that in England, by the statute of 21 *Jac.* 1 *c.* 19, *s.* 11, property in the *possession, order* and *disposition* of a bankrupt, is liable to the payment of his debts, and may be sold and disposed of for the benefit of his creditors. But it is otherwise on the principles of the common law, unless the possession is fraudulent, and intended for colourable purposes. If there is no fraudulent or deceptive purpose in view, the property cannot be disposed of by the person having it in his possession, nor is it liable to be taken for his debts. (*Craig* vs. *Ward,* 9 *Johns. Rep.* 197.) If, however, the possession is fraudulent, and intended to give the person having it a false credit, of which the jury are to judge, the property may be taken for his debts. So, where there is no proof of an actual sale, if a sale or gift to him can be inferred from the circumstances of the case, the property may be taken by his creditors, or held under a *bona fide* purchase from him. It is insisted, in this case, that the evidence offered by the defendant, although no direct proof of a sale, was proper to be submitted to the jury, as affording a presumption of a sale or gift from the plaintiff to Ramsdell.

Where a fact cannot be proved by direct testimony, it is frequently necessary to resort to presumptive proof; and when such proof is given, it imposes upon the other party the necessity of explaining it, or rebutting the presumption. It has been held, that if the owner of land lays by, and conceals his title, while another is making improvements upon it, inconsistent with his right, and he makes no objection to it, it is evidence to be left to the consideration of the jury, whether he did not mean to be bound by it, as an assertion of right. (*Winchley* vs. *Pye,* 1 *Esp. Cas.* 364.---*Weakley* vs. *Bucknell, Cowp.* 473.---*Keech* vs. *Hall, Doug.* 22.) At least, in such case, a court of equity will not permit the owner to resume possession but on terms.--- (*Savage* vs. *Foster,* 9 *Mod.* 37.---*Rex* vs. *Inhabitants of Butterton,* 6 *T. Rep.* 554.---2 *Alk.* 83.---2 *Eq. Ca. Abr.* 357.) With respect to personal chattels, possession alone is presumptive evidence of property, and with nothing to oppose it, is sufficient; and when the possession is accompanied with the exercise of complete acts of ownership for a length of time, it is strong evidence for the consideration of the jury, and requires satisfactory explanation. It is laid down in a late work, that if one should be in possession of a horse, which once belonged to his neighbour, for a considerable time, using him as his own, without any claim from his neighbour, it would be presumed there had been a sale, unless such neighbour could prove the contrary. And where a son is in possession of property delivered him by his father to use gratuitously, although the relation be-

tween the parties may sufficiently explain the possession, and remove any presumption of fraud or ownership arising from that alone, yet it is said, that if the father permits the son to sell and replace such property, or to exchange and manage it as though it was his own, this will be evidence that the loan was a mere cover for a gift, with intent to deceive and defraud others. (1 *Swift's Dig.* 766, 273.) Although the proof offered in relation to the property received by the plaintiff on the sale of his wife's right of dower, may have been properly rejected, in as much as the property was put into Ramsdell's hands for a specifick purpose, and he had express authority to dispose of it for the use of the plaintiff, yet we are inclined to think, that the evidence that the grey mare, which was received by the plaintiff with the mare in question, in payment of the legacy to Ramsdell's mother, was used and sold by Ramsdell as his own, ought to have been admitted. It was evidence of the same character as that which had been admitted, and, connected with the proof given of Ramsdell's using the mare in question as his own, ought to have been submitted to the jury for them to weigh, and if they thought proper, to infer a sale or gift to Ramsdell. The grey mare and the mare in question were both received by Ramsdell at the same time, and were both in his possession a long time, and used by him as his own. The using and selling as his own, any part of the property thus put into his possession, with the knowledge of the plaintiff, and without any claim being made by him, would not only be evidence against him as to the property thus sold, but as to the remaining property, when attached by a creditor of Ramsdell, or claimed by a purchaser from him. Any act of ownership over either of the horses, while both were in his possession, would be evidence as it respects the other. The question is not on the weight or sufficiency of the evidence, but whether it was proper for the consideration of the jury. Although it might, in our opinion, be insufficient to maintain the issue on the part of the defendant, yet, if it was legal and competent evidence, the defendant had a right to have it weighed by the jury with the other circumstances in the case. (*Wilkinson* vs. *Scott*, 17 *Mass.* 249.) Whether there was a sale or gift to Ramsdell or not, was a fact for the jury to determine, and whatever evidence had a tendency to prove this fact, should have been submitted to their consideration.

Judgment reversed, and cause remanded to the county court for a new trial.

*A. L. Brown*, *R. B. Bates* and *S. H. Hodges*, for the plaintiff.

*M. Strong*, *R. C. Royce* and *C. K. Williams*, for the defendant.