## APOLLOS CLAPP *versus* THOMAS TIRRELL.

A conveyance made to defraud creditors is good as against the grantor and his heirs; and if they subsequently convey the same land to a grantee, who has constructive or actual notice of the prior conveyance, such grantee must, in order to avoid the prior conveyance, prove that he was a purchaser for a valuable consideration.

The clause in a deed acknowledging payment of the consideration, is mere *primâ facie* evidence, and may be controlled and rebutted by parol evidence ; and where the deed is impeached on the ground of fraud, it is the lowest species of *primâ facie* evidence ; inasmuch as the same motives which would lead parties to make a fraudulent conveyance, would induce them to insert, in the strongest terms, an acknowledgment of the payment of the consideration.

THIS was a writ of entry, brought to recover four undivided fifth parts of two parcels of land situate in Boston.

The trial was before *Wilde* J. upon the general issue.

The demandant proved that Charles Newcomb, the former owner of the demanded premises, died intestate, in October 1834 ; and that Sarah Newcomb, Rebecca Chandler, wife of Eliphalet Chandler, Eleanor Clapp, wife of Salmon Clapp, who were sisters of the deceased, Rachel Newcomb and seven others, who were children of John R. Newcomb, a deceased brother, and a minor child of Peter Newcomb, another deceased brother, were the only heirs of the deceased.

The demandant also produced in evidence office copies of the following deeds, to wit, a warranty deed of one undivided fifth part of the demanded premises from Chandler and his wife to S. Clapp, a like deed of conveyance from Rachel Newcomb and others to S. Clapp, and a like deed from S. Clapp and his wife to Joseph Richards ; and also a quitclaim deed of the same estate from Richards to S. Clapp. These deeds were all dated June 9, 1835.

The demandant further read to the jury a warranty deed to himself of three undivided fifth parts of the demanded premises from S. Clapp, dated December 29, 1835 ; and also a deed to himself from S. Clapp, as guardian to Sarah Newcomb, of one undivided fifth part of the premises, dated January 13, 1836.

These deeds purported, upon the face of them, to have been given for a valuable and adequate consideration ; and there was no other evidence in the case tending to show

either that they were or were not made *bonâ fide* and for a valuable consideration.

The demandant here rested his case.

The tenant produced in evidence a mortgage deed of the demanded premises, from Charles Newcomb to the tenant, dated July 12, 1831, and acknowledged and recorded on the next day. This deed purported to convey the premises, for the consideration of the sum of $2400, in mortgage, to secure the payment of a note for the same sum, dated March 24, 1831, and payable in three years with interest.

The demandant thereupon offered in evidence a writ, dated June 30, 1831, issued in favor of H. D. Cushing against Charles Newcomb, founded upon the alleged slander of Cushing by C. Newcomb. It also appeared, that C. Newcomb was arrested by virtue thereof, and committed to prison ; that Cushing, having recovered a verdict for one dollar, in the Court of Common Pleas, appealed to this Court ; and that at the November term 1833 of this Court, the action was dismissed, by an entry on the docket, of " neither party " appearing. The demandant also introduced the testimony of several witnesses, tending to show that the mortgage from Newcomb to the tenant was made without valuable consideration and for the purpose of defrauding Cushing of the benefit of any judgment that he might recover against C. Newcomb in such action, and that the tenant participated in the fraud.

The tenant introduced evidence to show, that the mortgage was made for a different and lawful purpose.

The jury were instructed, that the burden of proof was upon the demandant, and that if he failed to satisfy them upon all the essential points in the case, their verdict ought to be for the tenant ; that if they should be satisfied, that C. Newcomb made the mortgage to the tenant without any valuable consideration, and for the purpose of preventing Cushing from obtaining satisfaction of any judgment that he might recover against him, and that the tenant knew the intent and purpose for which the mortgage was made, they should consider it a fraudulent transaction ; but that it was further necessary for them to decide the question, whether the demandant was a purchaser for a valuable consideration, as the mortgage, a

though fraudulent against creditors and *bonâ fide* purchasers for a good or valuable consideration, would be binding on the mortgager or his heirs ; that the demandant was also bound to satisfy them, that the sales under which he claimed, were made *bonâ fide* and for a good and valuable consideration ; that as there was no evidence of any consideration having been paid, excepting what appeared on the face of the several deeds, they would consider, whether, if any valuable consideration had, in fact, been paid, it would not be capable of proof by direct and clear evidence, and whether the non-production of any such proof would not raise a reasonable presumption, that the deeds among the heirs were made in order to vest the whole title in the plaintiff, and to enable him to bring this action, without any actual sale for a good and valuable consideration.

The jury returned a verdict for the tenant.

If these instructions were wrong, the verdict was to be set aside, and a new trial granted ; otherwise judgment was to be rendered on the verdict.

*Leland,* for the demandant, cited *Foster* v. *Hall*, 12 Pick. 89 ; *Clapp* v. *Leatherbee*, decided 1836 ; *Burrel's case*, 6 Co. R. 72 ; *Doe* v. *James*, 16 East, 212 ; 2 Sugd. on Vend. (9th Eng. ed.) 185 ; *Roberts* on Fr. Convey. 378, 380, 382 ; Anthon on Marriage Settlements, 202, 206.

*C P. Curtis* and *B. R. Curtis*, for the defendant, to the point, that the clause in a deed acknowledging payment of the consideration, was mere *primâ facie* evidence, and might be controlled by parol evidence, cited *M'Crea* v. *Purmort*, 16 Wendell, 460.

SHAW C. J. delivered the opinion of the Court. Both parties claim title to the land in controversy, under Charles Newcomb, deceased ; and it is conceded, that up to July 12, 1831, Charles Newcomb was seised of the premises in his own right, and had a good title. The demandant proves a descent to several collateral heirs, Charles Newcomb having died without issue, and through them traces title to Salmon Clapp, who married one of the sisters of the deceased, and from Salmon Clapp to the demandant, by deeds purporting to be made on a valuable consideration. One share or fifth part was conveyed by Salmon Clapp, as guardian of

*Clapp v. Tirrell.*

*April 4th.*

*April 7th.*

Sarah Newcomb ; but this stands on the same legal footing with the rest.

The tenant relies upon an outstanding mortgage made by the deceased, Charles Newcomb, in his lifetime, to the tenant, to secure the payment of a promissory note. The demandant offered evidence tending to show, that this mortgage was made without consideration, to defraud the creditors of the mortgager, and as such, was void. But to qualify himself to make this defence, it was rightly held by the judge who tried the cause, that the demandant must show that he himself was a purchaser for a valuable consideration, upon the well established rule, that although a conveyance made to defeat or defraud creditors, is void as against creditors and purchasers for valuable consideration, yet it is good as against the grantor and his heirs.

It was therefore incumbent upon the demandant, claiming against a prior conveyance, of which he had constructive, if not actual notice, to show that he had become a purchaser for valuable consideration. It appears by the report, that the whole evidence, and all the circumstances of the case, were left to the jury, on this question, including the clause in the deed, acknowledging the payment of the consideration ; and the remarks of the judge were not a direction to the jury, in matter of law, but only a commentary on the evidence. *Rex* v. *Whitney*, 3 Adolph. & Ellis, 69. The only point in which there seems any difficulty, is that which arises from the judge's remarking that there was no other evidence of any consideration having been paid, except what appeared on the face of the deeds, and pointing out circumstances tending to impair its force. But it is now, we believe, perfectly well settled, that the clause in a deed, acknowledging payment of the consideration, is mere *primâ facie* evidence, and may be controlled and rebutted by parol proof ; and it is obvious that where the deed is impeached on the ground of fraud, it is the lowest species of *primâ facie* evidence, inasmuch as the same motives which would induce parties to make and execute a fraudulent conveyance, would induce them to insert, in the strongest terms, an acknowledgment of the payment and receipt of the consideration. *M'Crea* v. *Purmort*, 16 Wen

dell, 460 ; *Wilkinson* v. *Scott,* 17 Mass. R. 249 ; *Belden* v. *Seymour,* 8 Connect. R. 304.   But in the present case there was proof arising from the general facts and circumstances of the case, to control the evidence of the consideration clause in the deed ; among which were, that this was a family transaction ; that when three collateral heirs of Charles Newcomb, made conveyances of their interest, they had full notice of the outstanding mortgage, made by their ancestor ; that they knew that, as heirs, they could not claim against the mortgagee, even though the mortgage was made to him without consideration ; that the same thing, in legal presumption, was known to the purchaser ; and therefore, if he would acquire a title which they could not assert themselves, such purchaser must be prepared to prove by satisfactory evidence, that he paid a real and valuable consideration for the estate.

It is to be considered, that the only question in this case, is the question of legal title.   Whether the demandant, as grantee of heirs of the mortgager, if the equity of redemption is not yet foreclosed, could in equity, upon a bill to redeem, show the want of consideration, in whole or in part, or may have a right to redeem upon payment of less than the nominal amount of the mortgage, are questions not arising in this case, and on which we give no opinion.

*Judgment on the verdict.*