### JOHN W. SIMONTON, *vs.* PEDRO A. GANDOLFO.

Where the mortgagor of real estate covered by a mortgage conveys to a purchaser, and the purchaser to complete his title procures the mortgagee to release to the mortgagor, and promises in consideration of such release to pay a given sum to the mortgagee, Held :

That such promise need not be in writing.

Appeal from Monroe Circuit Court.

The plaintiff brought assumpsit against defendant, and in his declaration sets forth substantially, that on the 15th January, 1847,

one Fielding A. Brown was possessed of certain lots in Key West by deed from one John Barcroft, trustee of the plaintiff, and that Barcroft as trustee held a lien on the same by mortgage executed by Brown for the purchase money. That Brown conveyed parts of two of said lots (4 and 5 in Whitehead's plan of said city) to defendant. That defendant agreed with plaintiff to pay him six hundred dollars upon the execution by plaintiff of a release to said Brown and his assigns of all claims or demands which said Barcroft, trustee as aforesaid, had " against said Brown as mortgagor as aforesaid for and on account of the said mortgage," and that the plaintiff on the 16th April, 1847, executed the release.

The defendant demurred to the declaration on the ground that the assumpsit should have been in *writing*, and also so alleged in the declaration.

The demurrer was sustained in the court below and judgment entered on 22d November, 1847, for defendant.

*Mr. Towle,* for Appellant:

Two points are raised by the demurrer:

First. Is the contract declared on one within the statute of Fraud and void because not in writing:

Second. Could the defendant *demur* for the reason that no copy was given, and that declaration did not state that it was in writing.

I. To answer the second point first: Admitting the contract within Statute Frauds, (Duv. 206) yet the demurrer is not sustainable.

1. No copy of the cause of action is required to be filed. This case does not come under any of those mentioned in Duval, 96, Sec. 35. If required, the remedy is not by demurrer—the defendant should apply for a rule.

2. The declaration need not have stated the contract to be in writing. (Salk. 519 anon.) The plaintiff was not bound to anticipate objections which might be raised by defendant. 1 Ch. Pl. 222.

3. The demurrer is defective—in not being based upon matter appearing *on the record.* It assumes a fact, which the declaration nowhere states—to wit: that the contract was parol.

II. The contract was not within the Statute of Frauds.

1. The contract was not about LAND. The thing released is a *debt* due by F. A. Brown—not land. Though the mortgage created a lien on the land, still that is only an incident, and THAT is con-

50

sidered as personalty going to the executor and not the heir. Releasing the debt extinguishes the mortgage and no reconveyance is necessary. 4 Kent's Com., 193 and 194 in notes, 5th edition.

Again, the releasor was not even the mortgagee, but a *cestui que trust* who had no claim whatever upon the land but an equitable claim on the money and its income, &c.

2. It was not a "*sale*" which was contracted for. *Sale* implies a *transfer over*. Here was none, but a mere cancellation—extinguishment.

3. This contract is not within *our* statute of Frauds though it may be within the English statute. There is a very important difference between them. Our statute does not like the English avoid a *contract or sale*, but only a "contract for the sale." The foundation of the present action is not a "contract" to sell or to do any other thing *in futuro*, but a sale or release executed and complete.

4. It is not within even the English Statute. A "contract or sale" (to use the words of that statute,) which is executed or even partly executed, is not void for want of a writing. Clarke *vs.* Vankirk, 14 Serg. & Rawl., 354; Teall *vs.* Anty, 4 Moore, 547; 2 Broderip & Bingham, 99; Hoby *vs.* Roebuck, 7 Taunt., 157; 3 Barn. & Ad., 899; Wilber. *vs.* Paine, 1 Ham., Ohio R., 251; Pomeroy *vs.* Winship, 12 Mass., 523; Chapman *vs.* Allen, Kirby, Conn. R., 400; Davenport *vs.* Mason, 15 Mass. R., 82–89; Crosby *vs.* Wadsworth, 6 East., 602; Miller *vs.* Hower, 2 Rawl., Penn. R., 53; Jones *vs.* Peterman, 3 Serg. & Rawl., 543; 2 Marsh., 433; Parkhurst *vs.* Van Cortlandt, 14 John. R., 15.

*Carmack & Baker,* for Appellee:

This is an action of assumpsit on a parol promise for the purchase of an interest in land, that is to say: the relinquishment of a mortgage held by the trustee of the plaintiff.

1st. As no written promise is declared on, or set out in the declaration, or copy of such writing given as required by the act of Legislature, Duv., 96, Sec. 35; it results that the declaration is upon a verbal promise.

2d. By the act regulating conveyancing, Duv., 206, Sec. 10, it is provided that no action shall be brought to charge any person for the sale of land, or of any uncertain interest in or concerning them, unless the agreement or promise upon which such action shall be

brought, or some note or memorandum thereof shall be in writing, and signed by the party to be charged therewith. See also sec. 1, of this act. Its phraseology imparts light as to construction of sec. 10.

Sec. 4. Stat. 29, Charles 2, which is in force here, uses the words, "or upon any contract or sale of lands, &c., or any interest in or concerning them." Rob. on Frauds, Append., 468.

If no action shall be brought none can be maintained.

A release or any agreement to discharge a mortgage is embraced by the statute.

A release according to Blackstone is the conveyance of a man's rights in land. 2 Bl., 324; Litt., 445, 465–6; 1 Inst., 264, 267; Am. Com. L. Title St. Frauds; Day's Digest; Kain *vs.* Sanger, 14 John., 89; Jackson, ex dem., Bain *vs.* Talver, 8 John., 370.

BALTZELL, J., delivered the following opinion:

. The defendant Gandolfo demurred in the Court below to the declaration of the plaintiff, assigning the following special grounds:

1st. "That the assumpsit declared on should have been in writing and so stated in the declaration."

2d. "A parol promise respecting the sale of lands is illegal and cannot be enforced in a court of law." Judgment on the demurrer having been for defendant the plaintiff has appealed to this Court.

We do not regard the agreement as set forth to be within the statute of Frauds. Mortgages are not considered as conveyances of lands within the statute. 2 Burr., 969; 1 Pow. Mortg., 144.

In Massachusetts where it is held that the equity of redemption may not be transferred by parol, an action was maintained by the grantor against the grantee to recover the consideration acknowledged in the deed to have been paid. The Court saying "it is not a contract for the sale of lands, that contract was executed and finished by the deed. This is only a demand for money arising out of that contract." Scott *vs.* McFarland, 13 Mass., 311; Wilkinson *vs.* Scott, 17 Mass., 249.

In Hess *vs.* Fox, Executor of Fox, plaintiff declared on a special agreement to this effect, that plaintiff being indebted to Fox the testator in the sum of $400 secured by mortgage, it was agreed that plaintiff should convey the premises by absolute deed, and deliver them to Fox, and he should discharge plaintiff from the debt of $400,

John W. Simonton, *vs.* Pedro A. Gandolfo.

and sell the premises at the best price, and pay over to plaintiff any surplus over the $400. This was insisted to be void within the statute of frauds: The Court say after reciting the statute which is substantially the same as ours, " the meaning is that no interest *in lands shall pass* otherwise than by deed or writing," and they held the agreement not within the statute but valid and binding. 10 Wend., 439, 440.

Now in that case the agreement was to the benefit of the mortgagor, in this it is the mortgagee that asks the aid of the Court in his behalf. The principle we regard as the same, the statute not operating in the one case we cannot see how it can be made to bear in the other. There is another difference. Gandolfo is the assignee of the mortgagor, having purchased a portion of the lots. In reference to these he occupies the same position to the mortgagee as the original mortgagor, with the exception that he is not liable to judgment on the notes originally given. As assignee however, a suit for foreclosure would properly be maintainable against him, and a decree for the sale of the lots be had against him. We then see that he had a direct and fixed interest of his own in the discharge of the mortgage. There was express benefit and advantage to him, and injury to the plaintiff in parting with the security of the mortgage by the release given, thus making an original independent promise in his behalf. 2 Peter's S. C. R., 182; 5 Bing., 464.

A different result could not well be arrived at without holding the release of the mortgage void and the lots held by Gandolfo subject to the incumbrance. It is scarcely consistent with right, that he shall have the advantage and benefit of the release, and keep the money also which he was to pay the mortgagee for it.

The judgment of the Court below will be reversed and the cause remanded with directions to overrule the demurrer of defendant to the plaintiffs declaration, and for further proceedings to be had therein agreeably to the principles of law.