## UPSON *vs.* BADEAU.

### *In the matter of the Estate of* AARON PLACE, *deceased.*

Executors having sold land under a power, and the deed, reciting the lien of a previously existing mortgage, failed to say whether the amount of the mortgage was allowed as part of the consideration or was in addition thereto, *held* that the executors might prove by parol the value of the property, and the sum which had really been received by them.

In adjusting the accounts of executors the Surrogate's Court is governed by principles of equity, as well as of law, and it is at all times competent for the executor, unimpeded by technical rules, to show the fairness of his dealings, the real nature of his transactions, and the amount for which he should be held liable.

A. W. CLASON, *for Executors.*

PHILIP HAMILTON, *for Legatees.*

On the behalf of the legatees, it is contended that the clause in the deed from the executors to Carnley, by which the grantee agrees to purchase the property, subject to the mortgage executed by the testator in his life time, to the North River Insurance Company, is conclusive of the fact, that he purchased " *cum onere,*" and cannot be inquired into by parol evidence.

It has not been denied, that the consideration expressed in a deed can be explained by parol, but it is contended, that thus to inquire, in regard to an independent covenant or agreement, is a different proposition, and believed to be inadmissible under the well settled and inflexible rule of evidence, that a written instrument cannot be contradicted, enlarged or varied by parol. The statute of this State, which is in derogation of the rule of the common law, permits the inquiry to be made to the matter of *consideration only :* in all other respects, the limit of the common law rule prevails. As well might the grantor undertake to explain his covenant of seizin, or any other covenant, by parol, as that the grantee should in like manner attempt to prove in this case, that he

did not purchase, and promise and agree to pay Place's bond secured by the mortgage, in addition to the consideration money named in the deed.

The case of *M'Crea* vs. *Purmort*, 16 *Wendell*, 460, cited by the counsel for executor, does not touch the point; the point decided by the court relates only to *consideration*. The case of *Wilkinson* vs. *Scott*, 17 *Mass. R.*, 249, cited in 16 *Wendell*, above referred to, gives the true rule, and extent of the doctrine; it is in substance, that a party to a deed is estopped in regard to every thing but the consideration; the consideration being treated as a mere formal or nominal part of a deed. When a court can give a similar construction to any other covenant or stipulation contained in a written and sealed instrument, then, and not until then, can the doctrine obtain, which is now contended for by the counsel for the executor. The clause or agreement found in the deed in question, is a substantial, independent contract, expressly, "*ex abundanti cautelâ*" introduced in it, and cannot be avoided by parol evidence.

THE SURROGATE. Upon the final accounting of the executor, an effort was made to charge him with the full amount of the consideration money named in a deed of some real estate belonging to the testator and sold by the executor under a power in the will. The property was sold for $2000, and there was a mortgage on the premises for $1,400, and it is urged that as the deed does not declare that the mortgage constituted part of the consideration, the executor, instead of being only charged the difference, should be held responsible for $2000. The clause in the executor's deed simply declares an existing fact, that the property is subject to a mortgage, and the conveyance is made subject to it; but whether or not the mortgage is assumed by the grantee as part of the consideration money, or whether the statement of the consideration money includes the amount of the mortgage, is not expressed. The consideration is named at $2000, and that is not disputed, and the mortgage was for $1,400 and interest, and that is not

disputed. I think the presumption is that the mortgage was allowed as part of the consideration money—that such is the inference to be drawn from the deed.

If this were not so, as the question is what was the property sold for, how much did the executor receive, and how much is he bound to account for, he has a right, when evidence is offered to prove that he received a certain sum, to show that the sum so charged was the whole value of the property, and was not in fact all received, but that certain deductions were made. I do not think that the statement in the deed as to the incumbrance expresses whether the amount of it was included in or excluded from the statement of the consideration money ; but if it did, I am of opinion it would still be competent for the executor to show the error, have the mistake corrected, and his liability restricted to the amount really received. (*M' Crea* vs. *Purmort*, 16 *Wen.*, 460 ; 17 *Mass.*, 249.) The question before me is, for what sum did the executor sell, and what sum did he receive. The deed proves he sold for $2000. This is not denied, but the executor claims to prove that he did not receive the $2000, in consequence of a mortgage to which the property was subject. He does prove this, and establishes that the property was not worth more than $2000 ; that it was sold for that sum, and the agreement was to pay the mortgage out of it ; and yet it is sought, in face of all these facts, clearly proved, and indeed uncontroverted, to mulct the executor in the sum of $1,500, for a supposed mistake in the deed. I cannot assent to such a doctrine. In adjusting the accounts of executors, this court is governed by principles of equity as well as of law, and even attaching to the recital in the deed of conveyance the consequences the counsel for the legatees urges, it is at all times competent for the executor here, as in a court of equity, unimpeded by technical rules, to show the fairness of his dealings—the real nature of the transaction, and the amount for which he should, in fact, be held liable. Upon any other rule he might be made the victim of a mistake while acting as a trustee and honestly discharging his duty.