### JOHN PAIGE *vs.* BENJAMIN W. SHERMAN.

Where land conveyed is described by the boundaries, and as " containing four acres, more or less," and the purchaser pays the seller therefor at a certain rate per acre for four acres, the seller, on proving by parol that the boundaries in the deed would apply to a tract of land containing five acres, or to a tract containing four acres, and that the purchaser made said payment upon the statement of a surveyor employed by the parties before the conveyance, to ascertain the amount of the land, under an agreement that the price should be at that rate per acre, in which statement the land surveyed was inadvertently said to be four acres, when in fact it was five, may recover for the additional acre at th? rate agreed upon.

ACTION OF CONTRACT to recover a balance of the purchase money of land sold by the plaintiff to the defendant. The parties agreed upon the following statement of facts:

" The plaintiff conveyed to the defendant a tract of land which is described in the deed of conveyance as follows : 'A piece of land situated about one hundred rods north of the common in Hardwick, and bounded as follows, to wit, commencing at the northwest corner of said land, and the southwest corner of land owned by the Holt heirs, thence easterly on said Holt land to the road leading from Hardwick to Petersham, thence on said road to land of the subscriber, thence westerly on land of the subscriber to land of Mrs. Lydia Paige, thence northerly on land of Mrs. Paige to the first mentioned bound, containing four acres two roods and nine rods, more or less.' And the defendant paid the plaintiff therefor the sum of $273.37, being at the rate of sixty dollars per acre for four acres and eighty nine rods. [The consideration expressed in the deed was $300.]

" From the uncertainty apparent in said deed, in the location of the line mentioned in said description as running 'westerly on land of the subscriber to land of Mrs. Lydia Paige,' the boundaries given in said deed would be applicable, had such been the intention of the parties, to a tract of the plaintiff's land containing four acres and eighty nine rods, or to a tract containing five acres and fifty five rods.

" If it is competent, the plaintiff can prove that the defendant verbally agreed to purchase a piece of the plaintiff's land, and to pay therefor at the rate of sixty dollars per acre ; and the land so bargained for was surveyed before the making of the deed aforesaid, to find the quantity contained in the tract agreed to be conveyed and purchased, for the purpose of computing the value of the same at the rate aforesaid ; and the surveyor reported to the parties that said tract contained four acres and eighty nine square rods, and the said parties then supposed that such was the true quantity ; whereupon said deed was made and delivered, intending to convey thereby the tract so surveyed, and to which the description contained in said deed would apply if the quantity of land was not stated therein ; and the defendant took possession of the said surveyed premises by virtue of his said deed, and has since occupied the same.

" After said conveyance, it was discovered that said surveyor,

by inadvertence, had made a mistake in calculating the quantity of land embraced in his said survey, and that said surveyed premises in fact contained five acres and fifty five square rods, the value of which at the rate aforesaid is $320.62, instead of said sum of $273.37.

" If it is competent for the plaintiff to prove the foregoing facts, and if upon such evidence the plaintiff would be entitled to recover, judgment is to be rendered for the plaintiff for $47.25 and interest from the date of the writ; otherwise, judgment to be rendered for defendant."

*C. Brimblecom,* for the plaintiff.

*F. H. Dewey,* for the defendant.

MERRICK, J. This action is brought to recover a balance alleged to be due as a part of the consideration agreed to be paid by the defendant for a certain tract of land sold and conveyed to him by the plaintiff. The description in the deed is equally applicable to the two tracts of land mentioned in the statement of facts, one of which contained four acres and eighty nine rods, and the other five acres and fifty five rods; but there does not appear to be, or to have been, any controversy between the parties as to which of the two was intended to be, and was in fact conveyed. Immediately upon receiving the deed of conveyance, the defendant entered, under it, upon the largest tract, and has ever since been in the occupation and enjoyment of it, without disturbance or interruption. His title to it is not disputed by the plaintiff; but, on the contrary, he does in effect fully concede and affirm it by the prosecution of this suit.

We consider it to be perfectly well settled that a grantor is not absolutely bound by the consideration, or the acknowledgment of its payment, expressed in his deed. These are recitals merely, which afford only *prima facie* proof, which is subject to be controlled and rebutted by other evidence. " More or less," said Chief Justice Parker, " may be proved by parol evidence as the consideration; " and it has been held that an action will lie against the grantee for a part of the consideration, which he has failed in fact to secure or pay, although payment of the whole may be acknowledged by the terms of the deed. *Bullard*

v. *Briggs,* 7 Pick. 537. *Wilkinson* v. *Scott,* 17 Mass. 249. *Webb* v. *Peele,* 7 Pick. 247. *Clapp* v. *Tirrell,* 20 Pick. 247.

Subjecting the facts agreed to by the parties, or which it is conceded might be proved if parol evidence was admissible for that purpose, to a careful scrutiny, there is no difficulty in coming to the conclusion that the plaintiff is entitled to recover. The defendant was to pay at the rate of a certain sum for each acre; and it appears that the aggregate, which the consideration, upon a correct computation of the quantity of land conveyed, would amount to, has not been fully paid. The failure to make payment according to the terms of the contract happened in consequence of an error committed by the surveyor, by which both parties were misled. This error having since been detected, and the truth ascertained, it is shown that the whole price for which the land was sold to the defendant has not been received by the plaintiff; and he is therefore entitled to recover the balance for which his suit is prosecuted.

The controversy between the parties, as exhibited in the statement of facts submitted to us, being confined, as we think, to the question concerning the payment of the consideration for the land, it is not necessary to consider at all whether parol evidence was admissible to show which of the two tracts of land, to which the description in the deed is equally applicable, was in fact conveyed. But as there is obviously a latent ambiguity in the deed, it would seem that, according to well settled rules, resort may be had to extrinsic evidence to afford the explanations indispensable to develop and determine the rights of the parties. Such evidence is always admissible to give effect to a written instrument, by applying it to its proper object; and it becomes a necessity when the terms of the instrument are equally applicable to several distinct objects. Thus, as the example is often put, if a person grant his manor of S. generally, and it appears that he has two manors of S., parol evidence is admissible to show which was intended. 3 Stark. Ev. (4th Amer. ed.) 1021. 1 Greenl. Ev. § 297. *Doe* v. *Burt,* 1 T. R. 701. *Sargent* v. *Adams* 3 Gray, 79.        *Judgment for the plaintiff.*