## Novatus Ely *vs.* James M. Wolcott.

An action for money had and received may be sustained by proof that money was received by the defendant for the price of property which was delivered to him by the plaintiff to sell, with the agreement that upon the sale, and the receipt of the price, he should pay a certain sum to the plaintiff; although the plaintiff executed an absolute bill of sale of the property to the defendant, in which the receipt of the price was acknowledged.

Contract. The declaration contained one count for goods sold, and another for money had and received by the defendant to the plaintiff's use.

At the trial in the superior court, before *Vose*, J., the plaintiff introduced evidence tending to show that in May 1855 he put a ferry boat into the defendant's possession to sell, with the agreement that the defendant should have all he could get for it

over $225, and should pay that sum to the plaintiff upon the sale of the boat and receipt of the money. It appeared that in 1857 the defendant sold the boat for $225, and received the money. The defendant introduced evidence tending to show that he bought and paid for the boat in 1855, and it appeared that the plaintiff then executed and delivered to him an absolute bill of sale of it, in which the receipt of $225, as the consideration of the sale, was acknowledged.

The plaintiff's counsel, in his closing argument, stated that he did not rely on the first count. The defendant thereupon requested the court to instruct the jury that, even if the facts were as contended for by the plaintiff, he could not recover on the second count; and that, having given the bill óf sale, the plaintiff was precluded from denying that he sold the boat as therein stated, and from showing by parol evidence that the circumstances did not constitute a sale. The judge declined so to rule; and instructed the jury that it was competent for the plaintiff to prove all the circumstances relating to the transfer of the boat to the defendant, and if they were satisfied that the facts were as contended for by the plaintiff, he was entitled to recover upon the second count.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*M. W. Chapin*, for the defendant.

*A. L. Soule*, for the plaintiff.

BIGELOW, C. J. The evidence offered by the plaintiff was clearly competent. It did not in any degree tend to control or vary the bill of sale. It only proved the actual consideration on which the plaintiff passed the title by the bill of sale to the defendant, and that, instead of being for $225 paid by the defendant and received by the plaintiff, it was on an agreement that he should sell the boat and account for and pay over to the plaintiff that sum when it was received by him. Nothing is better settled than the rule that parol evidence is always admissible to show the real consideration of a deed, and that it has never been in fact paid, although its receipt is acknowledged in the written instrument of transfer. *Wilkinson* v. *Scott*, 17 Mass.

249. *Brewer* v. *Hardy*, 22 Pick. 376. *Clark* v. *Deshon*, 12 Cush. 589.

The jury were rightly instructed that if the evidence in the case proved that the boat had been transferred to the defendant on an agreement with the plaintiff that he was to receive therefor a certain sum when the boat should be sold by the defendant, and that the defendant had sold the boat and received that amount of money, the plaintiff was entitled to recover in this action. The money in such case was had and received to the plaintiff's use, and the proof well supported that count in the declaration. *Exceptions overruled.*