Hawkins, J.,
delivered the opinion of the Conrt.
Perry instituted this suit in the Circuit Court of Maury County, on the 20th of April, 1861, against the Central Southern Railroad Company, to recover damages:
First, Eor the alleged breach of an agreement, by which the defendants agreed that, in consideration of obtaining a right of way for the company, through the plaintiff’s land — whereby the right of way of the plaintiff to a certain public road, known as the Mooresville pike, was destroyed or disturbed — the defendants would pay the plaintiff the sum of $800; and, although the plaintiff has complied with his part of said agreement, in allowing the defendant the right of way through his land, and to obstruct his right of way to said public road, said defendant has failed to pay said sum of $800, or any part thereof.
The second count in the declaration seeks to recover $1,500, due upon a stated account, and for money paid by plaintiff for the defendant, at its special instance and request.
And by the third count, it is sought to recover $1,-500 damages for the breach of a contract, whereby, in consideration that the defendant had, in the construe" tion of its road through the lands of the plaintiff, made a large fill, in conseqence of which the plaintiff was hindered and prevented from having his own private *140 right of way from bis bouse to said public road, and from passing along tbe same unobstructed. Tbe defendant agreed to pay tbe plaintiff $800 as damages sustained by bim in surrendering his said private right of way, And tbe plaintiff avers, that, although he gave and granted to tbe defendant a right of way through his land, and also permitted defendant to throw up a fill on said road, so as to obstruct and destroy his own private right of way to the public road, and did all other things incumbent on him to do by the terms of said agreement, said defendant has utterly failed to comply with its part of said agreement.
To this declaration, the defendant filed several pleas, in short, to-wit: First, non-assumpsit; second, not guilty; third, accord and satisfaction; fourth, the statute of limitations.
Upon the trial of the cause, the plaintiff offered to prove by Galloway and other witnesses — first, that the defendant, in consideration that the plaintiff would give him the right of way through his entire tract of land, and in front of his residence, undertook and agreed 'with plaintiff, to build a road-way for the plaintiff, under the road and through the fill in front of his house, and where his road-way led from his house to said turnpike; which the defendant failed to do, notwithstanding plaintiff had granted to defendant said right of way through his lands; and that afterwards, in consideration that plaintiff would release defendant from said agreement — the performance of which, defendant alleged, would cost $1,500 — the defendant undertook and agreed to build plaintiff a good McAdamized turn *141 pike road from Ms résidence to said turnpike, crossing said railroad at a point where the fill and the cut on said railroad come together on the plaintiff’s land; which the defendant had failed to do, notwithstanding the plaintiff agreed to release defendant from said first agreement. And that afterwards, plaintiff and defendant accounted together, and in consideration that plaintiff would release defendant from the said agreement, the defendant agreed to pay plaintiff the sum of $800; which the defendant has failed to do, notwithstanding the plaintiff agreed to accept the same.
The plaintiff also offered to prove hy said Galloway he was a Director in said company, and a special agent thereof, for the purpose of procuring the right of way for said company from persons owning land, and that at the time the right of way was granted to the defendant hy the plaintiff, and afterwards the propositions above stated, were made by the defendant and accepted hy the plaintiff, in the order in which they are here stated.
To all of which the defendant objected, and, in support of the objection, offered and read the following deed, to-wit:
“I, Vm. Perry, Jr., for, and in consideration of one-dollar, to me in hand paid, do hereby sell and convey to the Central Southern Railroad Company, the right of way over and across any land of mine situated in Maury County, Tennessee, Civil District dSTo. 9; and I do hereby release said company from any and all damages which may accrue to me, my heirs or assigns, by reason of the location or construction of said *142 railroad, over, upon, and across, my said land. Witness my hand and seal, this 30th Sept., 1856.
“Wm. Perry, JR., [Seal.]
“Test: John Baihd,
“R. B. Mayes.”
This deed was duly acknowledged by the grantor, before the Clerk of the County Court for Maury County, on the 17th of August, 1857, and afterwards registered in the office of the Register for said county.
And thereupon the Court sustained the objection [of the defendant to the testimony offered by the plaintiff upon the ground stated in the bill o'f exceptions: “Said proof would contradict and vary the consideration set forth and expressed” in said deed. Thereupon the plaintiff announced he had no further proof, and thereupon the Court instructed the jury to find for the defendant, which they did; to all which, the plaintiff excepted, and tendered his bill of exceptions. A judgment was rendered for the defendant. The plaintiff moved for a new trial, which, being refused, he has appealed in error to this Court.
The judgment of the Circuit Court is erroneous. The testimony offered by the plaintiff does not contradict the deed, or vary the contract between the parties, as it is stated in the deed. The deed contains two distinct stipulations: By the first, Perry sells and conveys to the railroad company, the right of way through his lands in the Ninth Civil District, Maury County. By the second, he releases said company from all damages which he may sustain, by reason of the location or construction of said road upon said lands.
*143 Neither of these propositions is decided by the pleadings, or sought to be controverted or defeated by the testimony offered. But, to the contrary, the tendency of the offered testimony is in affirmance of the con-' tract touching both propositions. But it. is insisted, the plaintiff is estopped from showing a different considera-' tion from the one expressed in the instrument, by the recitals therein, and that in no event, can parol evidence be admitted to show a different consideration for the making of the deed than the one expressed.
We do not think either proposition can be maintained. Every contract or deed must be supported either by a good or valuable consideration, and although the consideration must exist, still, it need not be inserted in the deed; and when expressed, it is only prima facie evidence of the amount, and may be varied by parol proof. If a consideration be expressed upon the face of the deed, thei grantor is thereby estopped, and will not be permitted to aver against the deed itself, unless there be fraud or illegality in it: 4 Kent, 465; 5 Barb., (N. Y.,) 455; 16 Conn., 383; 2 Wils., 348.
And, although the grantor is estopped by the recital in the deed from denying the consideration expressed, yet he is not estopped from proving there were other considerations than the one expressed in the deed: 13 Maine, 233. And parol evidence may be given to vary the consideration as expressed: 14 Johns, 210; 20 Johns, 338; 16 Wend., 460; 17 Mass., 249; 8 Conn., 314.
In the case of Groodsperd vs. Butler, 46 Maine, 141, it was held that the only effect of the usual clause acknowledging a consideration paid, is to estop the grantor *144 from denying that there was any consideration. For every other purpose, it may he explained, varied or contradicted by parol; and this, it seems to us, is a correct and exact statement of the principle.
In the case of Whitby et al. vs. Whitby et al., 4 Sneed, 473, which was a hill in equity to enforce the specific performance of a contract, Richardson Whitby had executed a bond, by which he contracted to convey to John Whitby, certain lands. The bond recited: “ Know all men, whom it may concern, that I, Richardson Whitby, of the State of Tennessee, Shelby County, for and' in consideration of the sum of-, received, do obligate myself, etc.” A specific execution of the contract was resisted upon the ground, that the title bond was not, of itself, a sufficient writing under the statute of frauds and perjuries, because it did not dis-closé the consideration. This Court held that in construing the statute, the consideration is not to be regarded as part of the contract, but merely as an inducement to it; and, therefore, no principle of law is violated by the admission of parol evidence of the consideration, whenever it becomes necessary to be shown.
Parol evidence is offered in this case, not for the purpose of varying the contract, or avoiding the deed, but for the purpose of showing the true consideration. And this, we think, the grantor most clearly has the right to do by parol evidence, more ' especially in a case like the present, where the consideration expressed is merely nominal.
The recital in the instrument, of the consideration, as we have already seen, is only prima facie evidence *145 of tbe amount, and may be varied by parol proof, and tbe grantor is not estopped from proving there are other considerations than those expressed. '
As a general rule, “parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument,” and this rule has been applied generally, if not universally, to simple contracts in writing, to the same extent, and with the same exceptions as to specialties, or contracts under seal: 1 Greenleaf on Ev., secs. 275, 276.
But this rule is not infringed by the introduction of parol evidence, showing the instrument never had any legal existence or binding force, either by reason of fraud, or want of consideration. And parol evidence is also admissible under this general rule, contradicting or explaining the instrument in some of its recitals of facts, when such recitals do not, on other principles, estop the party to deny them; 1 Greenleaf on Ev., secs. 282, 284.
But, we think the testimony was admissible upon another ground. The object of the proof was to establish an agreement between the parties, made subsequent to the making of the deed, and the general rule, before stated, is not infringed by the admission of oral evidence to prove a new and distinct argument upon a new consideration, whether it be as a substitute for the old, or in addition to, and beyond it: 1 Greenleaf on Ev., sec. 303. So upon the whole case, we think the rejection of the testimony was erroneous.
The judgment will be reversed and the cause remanded.