Per Curiam.

Considering the direction of the judge to the jury by itself, we are not satisfied with it. Although it is not to be inferred, from the writing, that the plaintiff was to assume the risk of the voyage, yet the money was not to be paid upon this ordei until the return of the vessel. It was a mere authority to the *138 drawee to pay the money upon the happening of that event. It is not drawn for value received. But when we look further into the case, we find the order was given in part payment for a quantity of boards sold by the plaintiff to the defendant, the remainder of the bill having been satisfied in money. This is sufficient evidence of value received; but still we think this not such a bill of exchange as gave a recurrence to the drawer, but on the terms of the draft itself, that is, on the return of the vessel from the voyage then in contemplation, (a)
We do not think, as the evidence is, that there is sufficient proof that the plaintiff was to depend in all events for the payment of this sum on the vessel’s return. It was probably to fix the length of the credit he was to give, that the money was make payable at that time. Then the plaintiff must have his remedy against Maxwell on his original demand, notwithstanding his receipt on the bill. That receipt is not a release, nor conclusive upon the plaintiff. Unless, then, the defendant can show that it is agreeable to a general course of trade in Saco for the party selling lumber or other cargo for a voyage, and giving a credit for the voyage, to run the [ * 146 ] risk, and that in the present case such * was the probable understanding of the parties, to be evidenced by the price of the articles sold, we are of opinion that the plaintiff is entitled to a verdict on the other counts. Such evidence might have been introduced at the trial if in the defendant’s power. We shall not therefore set aside the verdict, but enter judgment upon it, leaving the defendant to his review, if he shall be advised to pursue it. He has accordingly leave to retract his waiver of a right to ^review, stipulated when the cause was saved for out consideration.

Judgment on the verdict.

 A bill or note must purport that the money mentioned in it shall be payable absolutely, and at all events; if it purport to make the payment depend upon any uncertainty or contingency, the instrument is not a bill or note; and if it be not a bill or note ao initia, no subsequent event can make it so. — Bayley on Bills, 5th ed, c. 1, § 6, p. 16.