WEED v. SMALLWOOD. See Case No. 16,-315.

## Case No. 17,347.
### WEED et al. v. SNOW.
[3 McLean. 265.] [1]
Circuit Court, D. Michigan. Oct. Term, 1843.

PAROL EVIDENCE—RECEIPTS — PAYMENT—GIVING NOTE—BANK NOTES—VALIDITY.

1. A receipt is only evidence of payment, and may be explained or contradicted by parol.
[Cited in The Cayuga, 8 C. C. A. 190, 59 Fed. 485.]

1 [Reported by Hon. John McLean, Circuit Justice.]

2. A note is not payment unless it be expressly received as such.
[Cited in brief in Moore v. The Newbury, Case No. 9,772. See Allen v. King, Case No. 226.]

3. The safety fund law. which prohibited all banks subsequently established, from issuing notes except they are payable on demand and without interest, applies to a bank charter granted on the same day.

4. And where notes are issued in violation of such law, they are void.
[Cited in Davis v. Bank of River Raisin, Case No. 3,626.]
[Cited in brief in McMurray v. St. Louis Oil Manuf'g Co., 33 Mo. 382.]

[5. Cited in U. S. v. Chong Sam, 47 Fed. 883, to the point that an act takes effect from the day of its approval by the executive, and includes that day, unless its operation is postponed by its own terms.]

At law.

Mr. Bates, for plaintiffs.
Williams & Ten Eyck, for defendant.

McLEAN, Circuit Justice. This is an action of assumpsit for goods sold by plaintiffs to defendant, in May, 1838. The declaration contained the common counts, to which the general issue was pleaded. On the trial, the plaintiffs produced the bill of goods sold to the defendant, the 4th May, 1838, by plaintiffs, which was admitted to be correct. The defendant then produced a receipt for the payment of the goods, which was admitted to be signed by the agent of the plaintiffs. The plaintiffs then offered the depositions of Richard O'Conner and others to prove that the receipt was given, not for cash, but for two drafts or checks make by defendant, on the Bank of Clinton: one for five hundred dollars; the other for seven hundred and fifty dollars; the first payable at sixty days, the second, at six months, payable to the order of Jera Payne, and indorsed by him and accepted by the bank, payable in current country notes. That it was agreed between the plaintiffs and defendant at the time the drafts were received they were not considered as payment until paid. This evidence was objected to, but the court admitted the evidence.

The defendant then offered in evidence, the deposition of E. Warner, cashier of the Bank of Clinton, which conduced to prove that the drafts had been credited to the account of Charles H. McClure, former cashier of said bank, and cancelled. To rebut the presumption of payment of the drafts by the bank, the plaintiffs then gave in evidence the proceedings in a court of chancery of the state of Michigan, in which an order for an injunction against the Clinton Bank. was made by the chancellor, August 20th, 1838; which injunction was issued and continued down to the pretended payment; and that such payment, if made, was in violation of the injunction, and consequently void. To this proceeding an objection was made, but the evidence was admitted. Under the instructions of the court the jury found a verdict for the plain-

tiffs; and a motion is now made for a new trial.

It is insisted the court erred in admitting parol evidence to show on what terms the receipt was given. No principle is better settled than that a receipt is only prima facie evidence of payment, and may be explained, varied or contradicted, by parol or other extraneous testimony. There was nothing in the nature of the receipt offered by the defendant, to distinguish it from an ordinary receipt. It contained no agreement between the parties. Trisler v. Williamson, 4 Har. & McH. 219; Ensign v. Webster, 1 Johns. Cas. 145; House v. Low, 2 Johns. 378; Tucker v. Maxwell, 11 Mass. 143.

It is urged that the drafts were received in payment. The facts proved show that the drafts were not received in payment; and whether so received or not, was left to the jury. On this point the verdict is sustained by the evidence.

It is contended that the Bank of Clinton was not subject to the safety fund act; and that the drafts were legal. The first section of that act provides, "that any monied incorporation having banking powers, hereafter to be created in this state, or when their charter shall be renewed or extended, shall be subject to the provisions of that act." Approved 28th March, 1836. The act establishing the Bank of Clinton was passed the same day, and consequently is within the provisions of the above act. By the 31st section of the safety fund act, it is provided that "no monied corporation subject to this act, shall issue any bill or note of the said corporation, unless the same shall be made payable on demand and without interest."

It is proved that these drafts were accepted by the bank before they were signed by the drawer, and from their form they were evidently intended to circulate, and were, substantially, issued by the bank in payment of its debts, or otherwise, and were, as we think, in violation of the 31st section above cited. The drafts were then void, as having been drawn in violation of law. But if this were not the case, the plaintiffs have not made the drafts their own, by failing to make demand of the bank when they were payable, and giving notice to the defendant, with the same strictness as is required on a bill of exchange by the law merchant. The drafts were payable in current bank notes, by the acceptance, and this destroyed their negotiability. The admission of the suit in chancery against the Clinton Bank was not erroneous, as it showed that the bank could not have paid the drafts as alleged.

The motion for a new trial is overruled, and judgment.