### NATHANIEL C. A. PREBLE *vs.* JAMES BALDWIN.

A promise made by a grantee of land to his grantor, as part of the consideration of the conveyance, to assume and pay taxes thereafter assessed on the land as

of the first day of May previous, is not within the statute of frauds, either as a contract for the sale of land, or of any interest in or concerning land, or as a promise to answer for the debt of another.

A. and B. having agreed by parol, that A. should convey certain real estate to B., and assign to him certain policies of insurance on the estate, and that B. should pay the taxes which might thereafter be assessed on the estate as of the first day of May previous; A. afterwards conveyed the estate to B by a deed, expressed to be in consideration of a certain sum of money paid by B. to A., and contain ing a covenant against incumbrances; and assigned the policies to B. by indorse ment in writing thereon, expressed to be in consideration of the sale and con veyance of the estate. In an action afterwards brought by A. against B., for refusing to pay the taxes when assessed, it was held, that parol evidence was admissible to prove B.'s agreement to pay the taxes.

If a grantee of land, who has agreed with his grantor, in part of the consideration . of the conveyance, to assume and pay the taxes which might thereafter be assessed on the land as of the first day of May previous, refuses to pay the taxes when assessed, and brings an action against his grantor on the covenant against incumbrances in the deed, the grantor may sue the grantee immediately for the breach of his agreement to pay the taxes, and, on paying the taxes before trial, may recover as part of his damages the amount so paid.

THIS was an action of assumpsit. The writ originally con-
tained only the money counts, under which the plaintiff filed
no specification of his claim. After the writ had been in court
one term, the plaintiff had leave to file an additional count,
specifying his cause of action; and he thereupon filed a spe-
cial count, stating in substance as follows : — That by a certain
agreement made on the 6th of May, 1847, by and between the
defendant and one George N. Comer, agent for the plaintiff,
it was agreed that the plaintiff should, within one week, make,
execute, and deliver to the defendant a good and sufficient
deed, with the usual covenants of warranty, of certain real
estate in Cambridge; that in consideration that the plaintiff
had by his agent so promised, and for the further consideration
that the plaintiff had promised to assign to the defendant three
policies of insurance, which he had effected on the buildings
to be conveyed by the deed, the defendant agreed with the
plaintiff, that he would assume as his own debt and pay all
the taxes for the year 1847, when assessed on the real estate
to be conveyed; that the plaintiff, confiding in the promises
and agreements of the defendant, caused a deed to be made
on the 9th, and presented to the defendant on the 13th of
May, 1847, at which time the agreement made on the 6th of

May, 1847, was agreed to and ratified by the parties; that by virtue of said agreeeement, Comer was instructed before making the deed, that no mention was to be made therein of the taxes as an incumbrance on the real estate conveyed, as by the agreement of the parties, the assignment of the three policies of insurance was to be in full satisfaction and payment of the taxes, which, when assessed, were to be assumed and paid by the defendant as his own debt; that the plaintiff, in accordance with the above agreement, did, on or about the day aforesaid, assign and transfer the three policies of insurance to the defendant; that the defendant, in consideration thereof, promised the plaintiff to perform and fulfil the agreement on his part; yet, that the defendant afterwards, when said taxes were assessed, amounting to the sum of $24.30, and presented to him for payment, did not assume them as his own debt, but refused so to do and demanded the same of the plaintiff, and afterwards sued the plaintiff to recover the amount of said taxes in an action for a breach of the covenant in his deed, which action was still pending undetermined in this court; whereby an action had accrued to the plaintiff to demand and recover of the defendant the said sum of twenty-four dollars and thirty cents, together with the costs and expenses incurred by the plaintiff in defending that action.

The deed from the plaintiff to the defendant was expressed to be in consideration of the sum of fifty-five hundred and fifty dollars, paid by the defendant to the plaintiff.

At the trial before *Bigelow*, J., in the court of common pleas, at the October term, 1848, the plaintiff called George N. Comer, as a witness, for the purpose of proving by parol the agreement set forth in the plaintiff's declaration; but the judge, deeming oral testimony inadmissible to prove the agreement set forth in the special count, and there being no other specification of claim under the money counts, except the special count, rejected Comer's evidence; whereupon the jury returned a verdict for the defendant, and the plaintiff excepted.

The case was argued and decided on these exceptions at the November term of this court, 1849.

*S. C. Maine,* for the plaintiff.

*C. H. Parker*, for the defendant, cited *Parker* v. *Barker*, 2 Met. 423; *Hunt* v. *Maynard*, 6 Pick. 489; *Bliss* v. *Thompson*, 4 Mass. 488.

WILDE, J. At the trial of this case, the plaintiff's counsel offered to prove, by oral testimony, the contract set out in the special count in the declaration. To this evidence the defendant's counsel objected, and the same was rejected by the court, and to this rejection the plaintiff's counsel excepted.

The first objection was, that oral testimony by the statute of frauds was not admissible to contradict or vary the terms of a contract for the sale of real estate. But we are of opinion, that the contract in this case was not such a contract. It is true, that the plaintiff's contract with the defendant was such a contract, and might have been avoided by him by the statute; but the defendant's promise to pay for the land, when conveyed to him, was not such a contract, and not within the statute; and so it has been repeatedly decided. *Weld* v. *Nichols*, 17 Pick. 538; *Brackett* v. *Evans*, 1 Cush. 79.

Another objection to the evidence was, that the contract in question was within another clause of the statute of frauds, it being a promise to pay the debt of another person. But we are of opinion also that this objection cannot be sustained. At the time the promise was made, the taxes had not been assessed, and consequently the plaintiff was not indebted for the same; the promise at the time therefore was not to pay the debt of a third person. But it may be well doubted, whether, after the taxes had been assessed, the plaintiff, in any proper sense, became the debtor for the taxes; they were assessed in respect to an estate of which the plaintiff was the owner on the first day of May previous, as the law required. It is true, therefore, that the plaintiff, as between him and the public, would be liable to pay them; but at the time of the assessment, the defendant had become liable to pay them; as by a legal contract with the plaintiff, upon a legal consideration, he had assumed and promised so to do. The defendant therefore may be well considered as substantially the real debtor, which he certainly was, as between the present parties. But however this may be, we think it clear, that the defendant's contract is

not within either branch of the statute of frauds; for, whethei the plaintiff or the defendant became the debtor, when the taxes were assessed, the defendant's promise was not to pay the debt of a third person; and so not within the words and true meaning of the statute; the words of which are, that " no action shall be brought to charge any person, upon any special promise to answer for the debt of *another.*" The word *another*, we think, must be understood as referring to a third person, and not to a debt due from either of the contracting parties.*

The remaining objection to the oral evidence is, that it varies and contradicts the terms of the deed of conveyance to the defendant. In the first place, it has been argued, that it varies the terms of the deed, by proving an additional consideration to that stated in the deed. A similar objection was made in the case of *Wilkinson* v. *Scott,* 17 Mass. 249, 257, and upon very full consideration was overruled, and we do not consider this an open question; and if it were, we think there can be no reason-able doubt of the correctness of that decision. In the second place, it was argued, that the evidence had a tendency to con-tradict and control the covenant in the deed against incum-brances; but we think not. The tendency of the evidence was to prove, either that there was no incumbrance on the estate conveyed at the time of the promise, or, if there were, that the incumbrance was not within the true meaning of the covenant, as the defendant had previously, as before remarked, become bound to pay the said taxes. In neither case, there-fore, does the evidence vary or contradict the terms of the covenant; and it is a well-settled principle of law, that facts may be proved to aid in the construction of a deed or other written contract. If, however, it were not so, the objection would not be applicable to the present case, in which the question as to the construction and effect of the covenant in the deed of conveyance is not raised. It is not, therefore,

---

* It was accordingly held, in the case of *Eastwood* v. *Kenyon,* 11 Ad. & El. 438, 446, that a promise made by one man to another, to pay a debt due from the latter to a third person, was not within the statute.

necessary to give a decided opinion upon the question, whe-ther in an action for the breach of the covenant, the evidence rejected in this case would be admissible or not. This action is founded on a parol contract, never in any part reduced to writing; but the deed was made in pursuance of that contract, and it is as binding and valid a contract, as if it had been re duced to writing; and if the evidence should be held to be inadmissible, to aid in the construction of the covenant, the plaintiff will have the benefit of the objection in an action on the covenant. *Exceptions sustained.*

A new trial was accordingly had before *Wells,* C. J., in the court of common pleas, at the April term, 1850.

The plaintiff introduced parol evidence to prove that he made the agreement set forth in his special count; and that in pursuance of that agreement he made a conveyance of the estate, and written assignments of the policies of insurance, which assignments were in the following words: — " In con-sideration of · a sale and conveyance of the property within-named in fee to James W. Baldwin, of Boston, I hereby assign to said Baldwin all my interest in this policy. Witness my hand this 14th day of May, 1847. Nathaniel C. A. Preble."

" Cambridge Mutual Fire Ins. office, May 14, 1847. Received and recorded. Attest, H. M. Chamberlain, secretary."

The defendant objected, that as this assignment purported to be made solely in consideration of the conveyance of real estate, it was not competent for the plaintiff to prove, by parol, that there was an additional consideration for the assignment, to wit, an agreement to pay the taxes for the year 1847. But the court overruled the objection.

The defendant further objected, that the contract stated in the declaration could not be proved by parol evidence, but the court overruled this objection.

It appeared on the trial, that the action for breach of cove-nant, brought by the defendant against the plaintiff, was com-menced after the defendant had paid the taxes, and that it was prosecuted to judgment and execution, which the plaintiff paid.

The defendant further objected, that this action was prema·
turely brought, inasmuch as the plaintiff had paid no money
until after it was brought; but the judge ruled, that if from
the facts proved the jury were satisfied, that the defendant
had refused to perform his contract, and had demanded the
amount of the taxes of the plaintiff, the plaintiff might com
mence his action immediately, and, upon payment before trial,
might recover the amount of the taxes.  And the judge in-
structed the jury, that if the plaintiff proved the facts alleged
in his special count, he was entitled to recover the amount paid
for the taxes.

The jury thereupon returned a verdict for the plaintiff, and
the defendant alleged exceptions, which were argued in this
court at the March term, 1852.

*P. Oliver,* for the defendant.

1. The written assignments on the policies, and the cove-
nants in the deed of conveyance, to which those assignments
refer, are parts of the same transaction, and the plaintiff in
contradicting one contradicts both. *Hunt* v. *Livermore,* 5 Pick.
395; *Makepeace* v. *Harvard College,* 10 Pick. 298; *Harlow* v.
*Thomas,* 15 Pick. 66; *Davis* v. *Rainsford,* 17 Mass. 207; *Lunt* v.
*Holland,* 14 Mass. 149; *Magoun* v. *Lapham,* 21 Pick. 135.  Parol
evidence will not be received to alter or contradict an expressed
valuable consideration in any written instrument, unless it
purports to be for other valuable consideration.  Shep. Touchst.
222, 510; *Peacock* v. *Monk,* 1 Ves. Sen. 127, 128; *Green* v.
*Weston,* Sayer, 209; *Straton* v. *Rastall,* 2 T. R. 366; *Tucker* v.
*Maxwell,* 11 Mass. 143; Phil. Ev. (8th ed.) 761, 762; Ib. (3d
Amer. ed.) II. 353, 354; *The King* v. *Billinghay,* 1 Nev. & P.
149, 156; *The King* v. *Northwingfield,* 1 B. & Ad. 912; *Bene-
dict* v. *Lynch,* 1 Johns. Ch. 370; Chit. Cont. (6th Amer. ed.)
105.  But any other consideration, not inconsistent with the
one expressed in the deed, may be proved by parol.  3 Stark.
Ev. (3d Amer. ed.) 1004; *Quarles* v. *Quarles,* 4 Mass. 680, 682;
*Wallis* v. *Wallis,* 4 Mass. 135; *Stearns* v. *Barrett,* 1 Pick. 443;
*Harvey* v. *Alexander,* 1 Rand. 219.  Yet this rule does not
admit of two valuable considerations, one expressed, and the
other to be proved by parol evidence; but only that a good

consideration may be proved as additional to a valuable one expressed; and perhaps in some cases, a valuable one may be proved in addition to only a nominal or good one expressed. Cases above cited; *Meres* v. *Ansell*, 3 Wils. 275; *Preston* v. *Merceau*, 2 W. Bl. 1249; *The King* v. *Scammonden*, 3 T. R. 474; *Schemerhorn* v. *Vanderheyden*, 1 Johns. 139; *Mildmay's case*, 1 Co. 175; *Brewer* v. *Hardy*, 22 Pick. 376; *Parker* v. *Nichols*, 7 Pick. 111; *Davenport* v. *Mason*, 15 Mass. 85; *Griswold* v. *Messenger*, 6 Pick. 517; *Ryan* v. *Hall*, 13 Met. 520; *Rich* v. *Jackson*, 4 Bro. C. C. 476; *Gale* v. *Coburn*, 18 Pick. 397. And a distinction may exist between deeds, in which the recital of the consideration is considered as something of a formality, and instruments not under seal. *Stone* v. *Vance*, 6 Hamm. 246; *Chapman* v. *Searle*, 3 Pick. 38; Chit. Cont. (6th Amer. ed.) 107; 1 Greenl. Ev. § 275; *Morley* v. *Boothby*, 3 Bing. 107, 112. In all cases where a parol agreement is made and reduced to writing, it is merged in the writing, the latter being subsequent in point of time, as well as of a more solemn nature. 1 Greenl. Ev. § 302; *Munroe* v. *Perkins*, 9 Pick. 298; *Cummings* v. *Arnold*, 3 Met. 486; *Bayard* v. *Malcolm*, 1 Johns. 453, 467.

2. This action was brought before any cause of action had accrued. *Huntington* v. *American Bank*, 6 Pick. 340; *Dyer* v. *Rich*, 1 Met. 180; *Swift* v. *Crocker*, 21 Pick. 241; *Bryant* v. *Commonwealth Ins. Co.*, 6 Pick. 131; *Ilsley* v. *Jewett*, 2 Met. 168.

*S. C. Maine*, for the plaintiff, to the point that parol evidence was admissible in this case to show a further consideration in addition to that expressed in the writing, cited *Davenport* v. *Mason*, 15 Mass. 85; *Foster* v. *Woods*, 16 Pick. 116; *Alvord* v. *Smith*, 5 Pick. 232; *Pierce* v. *Woodward*, 6 Pick. 206; *Johns* v. *Church*, 12 Pick. 557; *Tripp* v. *Hathaway*, 15 Pick. 47; *Hall* v. *Tufts*, 18 Pick. 455; *Stone* v. *Clark*, 1 Met. 378; *Clapp* v. *Tirrell*, 20 Pick. 247; *Bullard* v. *Briggs*, 7 Pick. 533; *Wilkinson* v. *Scott*, 17 Mass. 249.

Shaw, C. J. The question now raised was substantially settled, when this cause was before the court at a former term. It was then decided, that a promise by the grantee of land, to

assume and pay certain taxes which might be afterwards assessed upon the estate, as of the preceding first of May, in part of the consideration and price of the land, was a promise made on good consideration; and not being a promise to convey land, or any interest in land, nor a promise to pay the debt of another, but simply a promise to pay money in discharge of a duty which might otherwise fall on the plaintiff, it was not within the statute of frauds, and might be proved by parol evidence. The case seemed to be entirely within the authority of that of *Brackett* v. *Evans*, 1 Cush. 79.

The only point, now much relied upon, is the rule of law, that parol evidence shall not be given to vary or contradict a contract or agreement reduced to writing. The defendant produced the policy of insurance, on which there is indorsed an assignment, signed by the plaintiff, stating, "that in consideration of the sale and conveyance of the property within named to Baldwin, I hereby assign to said Baldwin, &c." This was written for the information and government of the insurance company; because, being a mutual insurance company, if Baldwin had not become the purchaser of the estate, he could not, by the rules of the company, be the assignee of the policy. But this is not stated to be the sole consideration; and it is not repugnant to it, to show another which might well consist with it. The plaintiff's declaration stated, that in consideration of the promise to convey the estate, and assign the policies, the defendant promised to pay the taxes which might be assessed on the estate for the year 1847. There was, therefore, no variance, and no departure from the rule respecting parol evidence.

As to the objection, that the action was premature, and that the plaintiff could not recover because he had not paid the money, it was considered and overruled in the former opinion. The plaintiff did not seek to recover money which he had wrongfully been compelled to pay; but to recover damages, for the non-performance of a promise to pay money, which the plaintiff had an interest in having paid, and which promise the defendant had failed to perform. This is not an action

47 *

for money paid, but for the breach of an express promise, by reason of which the plaintiff has sustained damage.

*Exceptions overruled.*