THE STEAMBOAT FALLS CITY, Plaintiff in Error, *vs.* NATHANIEL P. KERR, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Nathaniel P. Kerr, the Plaintiff below, sued the Steamboat Falls City, under Chapter 86 of the Revised Statutes of Minnesota.

The Complaint set forth that the "Plaintiff furnished and loaned to J. B. Gilbert, who was the master and manager of said boat and in command thereof, the sum of $416 51 in money, for the use of said boat, to buy and purchase stores and supplies for said steamboat: which sum was immediately laid out, expended and used in purchasing and furnishing stores, provisions and supplies for the use and benefit of said boat, and which were afterwards used on said boat to enable her to proceed in her usual business in carrying freight and passengers," &c.

That, at the time the money was so furnished, the Defendant, by one Jenkins, the clerk thereof, gave an acknowledgement for the same, payable at three days sight, directed to the Treasurer of the St. Anthony Falls Steamboat-Company (the owners of the Defendant); that the said Chase had accepted the same as such Treasurer, but that the same had not been paid upon presentment for that purpose; and that the said written acknowledgment was still in the Plaintiff's hands, ready to be delivered up, &c.

The Defendant demurred to the Plaintiff's complaint, upon the ground,—

*First.* That it did not show that the debt therein specified was contracted on account of supplies furnished for the use of said boat, nor for any other matter or thing specified in section 1, chapter 86 of the Revised Statutes.

*Second.* That the complaint shows that said debt was for money loaned the master of said boat.

*Third.* Because it shows that the Plaintiff received and accepted a negotiable draft or instrument for said indebtedness on O. L. Chase, and which was accepted by him, thereby merging and destroying any lien upon, or right of holding said boat, or making her a party to the action.

The District Court overruled the demurrer, and the following Opinion was filed by Judge SHERBURNE:

SHERBURNE, J. This is a demurrer to the Complaint. The Plaintiff claims to recover of the Defendant the sum of four hundred and seventeen dollars and fifty-one cents, for money advanced to the master and manager of said boat to purchase supplies for the same. The complaint alleges, in a clear and intelligible manner, that the money was advanced for the purpose of purchasing supplies: that it was immediately expended for that purpose, and that the supplies so furnished were actually used upon said boat to enable her to proceed on her usual business in transporting and carrying freight and passengers.

To this part of the complaint the demurrer raises the objection that, inasmuch as the Plaintiff advanced money only to purchase the supplies, and did not in fact furnish them by his own delivery, he does not bring himself within the authority of Section 1, page 437 of the Revised Statutes of this Territory. The language of so much of the Section as applies to this cause is, "that every boat shall be liable for all debts contracted by the master, &c. on account of supplies furnished for the use of such boat," &c. The facts alleged in the complaint being admitted by the demurrer, the simple question arises: Can a third party who advances money to a master to supply the necessities of the boat, when the money is actually expended for that purpose, maintain his action by force of the statute provision above cited? The boat having received the supplies and used the Plaintiff's money, the equity of the case is clearly with the Plaintiff. But the action in this form is unknown to the common law—is founded upon the Statute cited, and therefore, according to all rules of law, must be construed with some degree of strictness. This rule, however, does not go so

far as to compel a court to put such a construction upon a statute provision as to prevent its obvious meaning and intention.

A legitimate enquiry is: What did the Legislature that enacted the Law design to effect by it? This enquiry becomes necessary in the interpretation of all statutes, in order to determine clearly the meaning of the language used to harmonize what may seem contradictory, and explain that which is uncertain. If, in the passage of the statute law under consideration, the Legislature designed to enlarge the credit of boats, and at the same time protect the creditors by a simple statute-lien upon the boat in favor of the creditor, it seems obvious enough that the object was accomplished.

It is the duty of courts to give such construction to the several parts of the law as shall best carry out the intention of the Legislature and best subserve the interests of those intended to be aided by it. The language of the law is: "on account of supplies furnished for the use of such boat." Now, the most obvious meaning of this language is this:—If any person, by his money, his credit, or other means, supplies the necessities of the boat, he shall have a lien upon the boat to the extent of the credit given. It is a most narrow construction, as it seems to me, to say that he who furnishes the boat with money to purchase the necessary supplies is in a worse condition than he who in the pursuit of his ordinary business sells his goods to the boat for profit and gain.

The interests of the boat and of the owners of the boat are promoted, in a case of want of money to purchase supplies, more by the advancement of the money sufficient to obtain them than by a delivery of the necessary articles. In the usual course of trade, the supplies necessary to run a steamboat on the Mississippi waters would be necessarily purchased of many different persons and at different places. It would be a great inconvenience both to debtor and creditor, and sometimes impracticable, to divide and subdivide the indebtedness to an extent which would often be necessary in the business of the boat, if money could not be obtained instead of supplies. It requires no argument to show that the interest of all parties is best promoted by placing an amount of money in the hands

of the officers of the boat sufficient to make the necessary purchases.

The common law in this country, though not in England, gives to the master a lien upon the vessel for his necessary expenses, whether advanced in money or otherwise. See *Ingersol vs. Van Bokkelin*, 7 *Cowan's Rep.* 670 ; *Lane vs. Penniman*, 4*th Mass.* 92 ; *Newhall vs. Dunlap*, 14 *Mass. R.* 182. And such is now the settled law in this country. 3 *Kent's Com.* 167, *and note.*

By the civil law the master, *or any other person* who fits out a vessel or *advances money for that purpose*, has a lien upon the vessel. (See authorities cited in 3 *Kent*, 168.) I find no distinction anywhere made between a case of furnishing supplies and advancing money for that purpose, nor can I perceive the least reason for it. It is fair always to presume that a legislature, when enacting laws upon any subject, has in view the common law upon the subject. If we take this view of it, the legislature which enacted this law, knowing that by the common law an authority to furnish supplies and create a lien necessarily included an authority to advance money for that purpose, must have intended that the provision in question should receive a similar practical and liberal construction.

An infant, under the age of twenty-one years, is liable for money advanced for necessaries for his use, and such is the settled law : and yet this doctrine is based exclusively upon the principle that the infant is liable only for necessaries. He is not, however, liable for money loaned to him to procure necessaries : and the reason given by the courts why he is not, is that he is presumed to be incapable of expending the money judiciously. (See *Comyn on Contracts, p.* 626, and cases there cited.) There can be no pretence in this case that the master of the boat was not quite as competent to purchase the necessary supplies as a stranger would have been, and the reason therefore applicable to the case of infants does not exist in this.

So, where the wife can render her husband liable only for necessaries, one who lends her money to pay for such necessaries may maintain an action against the husband. Starkie, in his work upon evidence, says " there seems to be no satisfac-

tory reason why one who has lent money to the wife (who has been turned out of doors by the husband), in order to provide her with necessaries, should not be entitled to recover it from her husband. 2 *Starkie's Ev.* 697. See also *Harris vs. Lee,* 1 *P. W'ms.* 482, cited in note, *p.* 698, same volume: in which it was held that one loaning money to the wife to pay for necessaries and surgeon's fees, stood in the place of the person furnishing the necessaries, and was entitled to recover. And yet the husband was only liable for necessaries, as the boat in this case is liable for supplies.

On the whole, I am satisfied that the objection is not well taken.

The complaint also shows that, at the time the loan was made by the Plaintiff, an acknowledgment, in writing, of the amount of the indebtedness of the boat on account of the loan, was made by the clerk of the boat and delivered to the Plaintiff, directed to the Treasurer of the proprietors of said boat, requesting him to pay the amount at three days sight; and that the same was accepted by the Treasurer, but has not been paid. It is objected by the demurrer that the acceptance of this instrument by the Plaintiff was a discharge of the lien upon the boat. I have decided otherwise in the case of Edward H. Beebe against the Steamboat "Iola", on a motion for a new trial.

The demurrer is overruled. The Defendant has twenty days to answer upon payment of costs of demurrer.

Judgment was entered for want of an answer, and the Defendants sued out a writ of Error.

[The points and authorities of the Plaintiff in Error are not on file.]

The following are the points and authorities relied upon by the Defendant in Error:

*First.* The complaint alleges and shows that the debt was contracted by the master and agent of the Defendant "on account of supplies furnished for the use of such Defendant, the Steamboat "Falls City," and sets forth a cause of action clearly

The Steamer Falls City *v.* Kerr.

within the provisions of chapter 86 of the Revised Statutes of Minnesota. Moneys furnished the master or agent of a boat, for the express purpose of and used by him for "purchasing and furnishing stores and provisions to enable her to proceed on her usual business," are supplies within the meaning of that Act. See *Rev. Stat. p.* 437, *chap.* 86, *sec.* 1, *et seq.;* 3 *Kent's Com.* 170, *note* "b", and cases referred to ; *Davies' Me. Rep.* 71, *David vs. Child; Wares' D. C. Rep.* 322, *The Paragon;* 2 *Gallis' Rep.* 345, *The Jerusalem;* 7 *Cowen's Rep.* 670, *Ingersol vs. Van Bokkelin;* 4 *Mass. Rep.* 92, *Lane vs. Penniman;* 14 *Mass. Rep.* 182, *Newhall vs. Dunlop.*

*Second.* The Plaintiff in his complaint alleges that he is ready to produce the draft or instrument mentioned therein, or to deliver the same to the Defendant, as the Court may direct : and relies solely upon his lien *in rem.* See 12 *Wheaton's Rep.* 611, *Ramsay vs. Allegre;* 9 *Miss. Rep.* 59 ; *Steamboat "Charlotte" vs. Raymond;* 6 *same,* 552, 555 ; 9 *same,* 64 ; 10 *Peters' R.* 532 ; 11 *John.* 513 ; 14 *John.* 404 ; 3 *Johnson's Cases,* 71 ; 5 *Wend.* 490 ; 7 *Hill,* 128 ; 10 *N. H.* 505 ; 5 *Barbour,* 398 ; 6 *same,* 244 ; 9 *Conn.* 23 ; 1 *McCord,* 94 ; 3 *McLean,* 265.

*Third.* The decision and judgment in the Court below were authorized by the law governing the case.

ATWATER & COWLES, Attorneys for Plaintiff in Error.

AMES & VAN ETTEN, Attorneys for Defendant in Error.

The judgment of the Court below was reversed in the Supreme Court, upon a point not raised in the District Court, to wit : that the contract set forth in the complaint was made and entered into without the limits of the Territory, and that chapter 86 Revised Statutes would not apply to such a contract, the remedy of the Plaintiff being against the owners of the boat. The Opinion was delivered by WELCH, Chief Justice,. but was not filed.

NOTE.—I have given the Opinion of Judge SHERBURNE (District Court), as it bears directly upon the actual issues of the cause both in the District and Supreme Courts and seems to be a fair and impartial construction of the Statute therein referred to. The Opinion is founded upon the decisions of the Courts of Missouri and other States upon a similar statute.—*Reporter.*