## JOSHUA GREEN *v.* THE STATE.

LAND-SCRIP.    *Location thereof.    Money paid by mistake of law.    Action therefor.*

G. was the owner of certain land-scrip, bought by him from the Board of Police of Tunica County, which he had the right to locate, at any time previous to 1853, on unoccupied land in that county.    But the land belonged to the State, and she was bound to issue the patent when the location should be made.    G. elected to locate his scrip on Attala County land, he and the secretary of state both supposing that he had the right to do so.    The scrip was delivered to that officer, who marked it cancelled, and delivered to G. a patent for the land.    The scrip had been issued by the State, though she assumed no moneyed obligation in respect thereto, but gave the same to Tunica County, and the Board of Police sold it for the benefit of the county.    This location and patent were declared void by this court, because G. had no right to locate Tunica County scrip on Attala County land.    Having lost the land, G. brought an action against the State for the money expended in the purchase of the scrip, with interest, or for the market value of the scrip on the day of its cancellation.    *Held,* that G., having paid no money into the State treasury, and surrendered no obligation of the State for money, is not entitled to recover any thing in this action; and the utmost extent of his right, legal or equitable, is to demand the return and rehabilitation of his improperly cancelled scrip, or the issuance of a duplicate.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

The case is sufficiently stated in the opinion of the court.

*Shelton & Shelton,* for the plaintiff in error.

The doctrine upon which we rely is, that where two persons intend a sale and purchase, and agree upon fair equivalences, and the vendee pays the agreed value, but the vendor refuses, because he will not, or fails because he cannot, to convey the title, and afterwards again sells the land, and receives payment a second time, and by the second sale parts with the title, he must pay back the money which the first purchaser paid to him in good faith. And the first purchaser, in such case, can recover his money, whether the want of consideration originated in the vendor's will or his inability, or by mistake, accident, or any other cause which did not give to the vendor the just right to keep the vendee's money. Where one person gets possession of another's money without consideration, that other is entitled to recover it, even though it was paid out by a mutual mistake of law. The principle is, that where facts exist which create a liability or give a right of action, the liability is not excused nor the right of action destroyed because those facts had their origin in a mistake of law by either or both parties. It is not the mistake of law that creates the liability, but the existence of the facts. 10 Mass. 34; 13 Mass. 216; 20 Md. 152; 6 Har. & J. 524. As illustrative of this doctrine, see also 2 Burr. 1008; 1 Term Rep. 285; 2 Black, 824; 5 Taun. 161; 20 Md. 152; 6 Har. & J. 526; 27 Miss. 232; 1 Dall. 147. Where money has been paid under a mistake of law, and there was no debt, and no duty, natural, moral, or legal, it can be recovered by the party who made the payment. 2 Pothier on Oblig. (Appendix), 316, 321, 325–331, 369–380.

The land upon which Green located his scrip has been twice paid for, — once by Green, who got nothing, and then by the subsequent purchasers, who received the title. The State received both payments, and holds both; and she, and not the

county nor the levee commissioners, should repay Green's money. 1 Bright. Dig. 492, sects. 201, 202, 204. Where the State has received for one tract of land two full payments in scrip, she has received double the value she was entitled to. In this case, the State has received double payment, and Green must lose the payment made by him, and the State unjustly gain it, unless this action can be maintained.

*David Shelton*, of counsel for the plaintiff in error, argued the case orally.

*T. C. Catchings*, Attorney-General, for the State.

Under the act of 1852, the scrip improperly located by Green on Attala County land was delivered by the secretary of state to the Board of Police of Tunica County, by them indorsed to the levee treasurer of that county, and by him indorsed to the person who purchased it from the Board of Levee Commissioners. The amount received for it by said commissioners was used in the construction of levees in that county.

Having become the owner of it, Green was entitled to locate it on any of the Tunica County lands, and it was the duty of the secretary of state to issue to him a patent for the lands so taken up. The State derived no benefit whatever from the transaction. The money paid for the scrip, as shown, was not received by her, or in any way applied to her benefit. She held the legal title to the land merely for the benefit of Tunica County, which had the whole beneficial interest.

By the mutual mistake of Green and the secretary of state, as to the law, the scrip was located on Attala County land, and a patent therefor issued to him. Green sold the land to Irving, who paid him therefor. His vendee was afterwards evicted by a patentee of the State for the same land, and re-covered from Green the purchase-money. Green now claims from the State the amount paid Irving, or the value of the scrip, with interest. The State received no money from Green, and derived no benefit from his scrip. He is out nothing but the scrip, since the money paid Irving was the money received

by him from Irving. If he gets his scrip back, he is made whole. The State can be compelled to give him back his scrip, but her liability extends no further. Having received nothing from him of value to herself, she owes him nothing. It is not the case of money paid under a mutual mistake, where there was neither a legal nor moral obligation to pay it.

*T. C. Catchings*, Attorney-General, also made an oral argument.

CHALMERS, J., delivered the opinion of the court.

Plaintiff was the holder of certain land-scrip, which by law he had the right to locate, at any time previous to October, 1853, on any unoccupied swamp and overflowed land in the County of Tunica, from the Board of Police of which county he had purchased it, though the land belonged to the State, and the patent was to be issued by her officers. He elected to locate it upon land lying in Attala County; and both he and the secretary of state supposing that he had a right to do so, the scrip was surrendered to that officer and by him marked cancelled, and a patent delivered for the land selected in Attala County. The location and patent were by this court declared void, because the plaintiff had no right, under the law, to locate Tunica County scrip on Attala County land. The various suits growing out of this transaction are reported as follows: *Jackson* v. *Dilworth*, 39 Miss. 772; *Clements* v. *Anderson*, 46 Miss. 582; *Green* v. *Irving*, 54 Miss. 450.

Having lost the land in payment of which he surrendered his scrip, plaintiff brings this action to recover the money expended in its purchase, with interest, or the market value of the scrip on the day of its cancellation.

His position is, that though money paid under a mistake of law cannot ordinarily be recovered back, yet this principle does not apply where, through a mutual mistake of law, money has been paid by one and received by another under circumstances in which there was neither a moral nor legal right to demand it, and where it will be against natural justice

for the receiver to retain it. The distinction seems sound, and is supported by authority. 2 Burr. 105; 1 Term Rep. 285; 5 Taun. 143; *Dill* v. *Wanehauser*, 7 Metc. 438; *Sheuver* v. *Fowler*, 7 Miss. 31; *Williams* v. *Reed*, 5 Pick. 470; *Earle* v. *Bickford*, 6 Allen, 549.

Let us see how it affects plaintiff's case. He paid nothing into the State treasury, and consequently the State has not been pecuniarily enriched by the blunder committed by himself and her officer. The scrip surrendered imposed no moneyed obligation on the State, nor had she ever bound herself to redeem it in money. Can the mistake of the plaintiff and of the secretary of state change her liability? Her contract was to deliver a patent whenever the holder of the scrip should indicate that he had selected a piece of land in Tunica County, in payment for which he was willing to surrender it. Plaintiff has never done this; but, on the contrary, he elected to receive a conveyance of land to which he was not entitled. His conveyance has proven worthless through a mistaken conception of the law, mutually entertained by himself and the officer of the State. If he had paid money into the State treasury, or had surrendered the State's obligation for money, he would be equitably entitled, under the authorities cited, to recover back the money paid or the money value of the paper surrendered; but the State has received no money from him, and never proposed, under any circumstances, to impose a pecuniary obligation on herself in the issuance of the scrip. She had given the scrip to the county, and authorized the latter to sell the same for its own benefit. Her obligation was to redeem it in land, when properly presented and located. This the plaintiff failed to do; and he now seeks to make the State liable, not for a return of the scrip, but for its money value. This would be to allow him and the secretary of state, by an unauthorized and illegal act, to change the State's liability, and impose upon her an obligation which she never had the least intention of assuming.

But it is said that the State still owns the land which the scrip represented, while she has gotten in her obligation to convey it.    This is true, and it may give the plaintiff the right to demand the land, but certainly none to call on the State for money which she has never received.    He paid his money into the county treasury ; to give it back to him out of the State treasury would be an act of injustice to the tax-payers of the State at large.    Having bought from the county the State's covenant for land, which she was always ready and willing to redeem, and having by his own act improperly surrendered it, he certainly cannot claim thereby to have imposed upon her an obligation greater than she would have been under if he had dealt properly with it.    The utmost extent of his rights, legal or equitable, must be to demand the return and rehabilitation of his improperly cancelled scrip, or the issuance of a duplicate.

If that which was surrendered has now become barred by its own limitation, and there be no law for the issuance of a duplicate, he must apply to the Legislature for the relief indicated.    Every principle of justice would suggest that it be granted.

If it be not so valuable now as it was twenty-five years ago, he cannot complain of a loss which occurred through his own blunder.

Judgment affirmed.