BAY STATE PAPER COMPANY *vs.* JOHN A. DUGGAN.

Suffolk.   December 13, 1912. — February 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Evidence,* Book entries, Self serving statements. *Witness,* Redirect examination.

Upon the issue whether a sale of merchandise for which certain notes were given was an absolute sale at the time the notes were given or a conditional sale in which the title to the merchandise was to vest in the buyer from time to time as it was used, where the plaintiff contends that the sale was conditional, and a witness for the plaintiff on his cross-examination has testified that in the plaintiff's ledger, which is put in evidence, the notes were credited in the buyer's account in the same manner that all notes were credited that had been taken for merchandise sold, the plaintiff, to rebut the inference which might be drawn from this evidence that the sale was unconditional, should be allowed to show in redirect examination of the witness that by the plaintiff's method of bookkeeping notes that were received for goods were entered in the usual course of business, even if the sales were conditional, and that the entries of notes received upon conditional sales did not vary from the entries where the sales were unconditional and the notes were accepted in payment.

Self serving statements made to third persons by a party to an action are not admissible in favor of such party.

BRALEY, J.   The plaintiff sues in replevin for certain reams of paper attached and held by the defendant as a constable in an action against the plaintiff's vendees. The defendant having prevailed, the case is here on exceptions which are solely to the exclusion of evidence.

The terms of sale originally were to be one half in cash on de-

livery and the balance in two promissory notes payable respectively in thirty and sixty days. Upon delivery of the goods to the carrier consigned to the vendees, to whom the bill of lading and invoices also had been sent, and the freight prepaid, the title would have vested in them if there had been no modification of the contract. *Barrie* v. *Quinby,* 206 Mass. 259. *Garvan* v. *New York Central & Hudson River Railroad,* 210 Mass. 275. But during transit the parties met and there is seemingly no dispute that at the request of the buyers, who expressed themselves as unable to perform the original contract, the terms of payment were materially changed. It was agreed that five notes, bearing interest and each representing in amount the quantity of paper the buyers expected to use monthly, should be given and so dated that they would respectively mature as the paper was used. The plaintiff, however, contended, and the agent who acted for it when the modification was made testified, that as an inducement for substituting notes for cash the buyers agreed to store the paper free of expense to the company, and that the title was to remain in the company until divested monthly as to the portion covered by the note for that month. The paper thereupon was taken to the buyer's place of business, where it remained unmingled with other goods, and the notes were delivered. A conditional sale, if the jury believed this evidence, had been shown and, notwithstanding the evidence introduced by the defendant that the only change was the substitution of one form of payment for the other, the title would vest in the buyers only as to the quantity used each month, and the unused portion at the time of attachment was the property of the plaintiff. The notes were discounted simultaneously, but only one note was ever paid, and the other four were taken up by the plaintiff at maturity.

The ledger of the plaintiff on which the notes were entered was put in evidence during the direct examination of its witness, one Beals. In cross-examination he testified and the entries showed that these notes were credited in the buyers' account in the same manner as all notes which had been taken for paper sold. Unless satisfactorily explained this evidence tended to corroborate the defendant's view, that the notes were treated as payment and the sale was unconditional. To rebut this inference the plaintiff accordingly could show in redirect examination its

method of bookkeeping and that where notes were received for goods sold the entries in the usual course of business, even if the sales were conditional, did not vary in form from entries where sales were unconditional and payment by notes had been accepted. *Caldwell* v. *Blanchard,* 191 Mass. 489, 490. *Pettey* v. *Benoit,* 193 Mass. 233, 236. The evidence having been excluded, it cannot be said as matter of law that the plaintiff has not been prejudiced and this exception must be sustained.

The remaining exceptions are unimportant. The plaintiff had the benefit of the fact that at the date of sale the property in question was covered by "a floating insurance policy." But neither the policy, of which the buyers were ignorant, nor the conversation subsequent to the sale, held in their absence between the plaintiff's treasurer and the agent of the insurance company as to whether the policy still covered the paper to be delivered under the conditional sale, was admissible. The evidence was in the nature of self serving declarations which could not affect the title of the buyers, or bind the defendant. *Taft* v. *Dickinson,* 6 Allen, 553. *Day* v. *Caton,* 119 Mass. 513, 515. *Tallant* v. *Stedman,* 176 Mass. 460. *Graham* v. *Middleby,* 185 Mass. 349, 353. *Chandler Grain & Milling Co.* v. *Shea,* 213 Mass. 398, 401.

*Exceptions sustained.*

*R. Ernst,* (*J. E. Searle* with him,) for the plaintiff.
*C. F. Eldredge,* for the defendant, submitted a brief.