*Southern District*

## FRANK H. BROCKETT JR. AND ELEANOR H. BROCKETT

v.

## RODNEY W. PERKINS AND MARGUERITE H. PERKINS

*Sgarzi, J.* This action of contract was brought by the plaintiffs to obtain the return of a deposit paid under an agreement by the terms of which the defendants agreed to sell and the plaintiffs agreed to purchase certain property in the Town of Mattapoisett.

The written agreement contained the following provisions, "In the event that this agreement is breached by the party of the second part, the party of the first part may retain said down payment as liquidated damages and all other obligations of either party hereto shall be terminated. In the event that an F. H. A. approved mortgage cannot be obtained on the above mentioned estate, then the said down payment shall be returned to the party of the second part."

The trial judge ruled that the contract was clear and unambiguous and that oral evidence could not be introduced to explain its meaning.

There was evidence that the plaintiffs tried unsuccessfully to obtain an F. H. A. loan. The defendant contended that the enforceability of the contract did not depend upon the ability of the plaintiffs to obtain an F. H. A. loan but upon the suitability of the premises for a mortgage insured by the F. H. A.

The defendants offered to prove that this was their interpretation of the contract through a conversation had with their agent prior to signing the agreement. This evidence was excluded by the Court. The Defendant Perkins did however, testify that this was his understanding.

The defendants also offered to prove through the testimony of a bank official that the premises were suitable for an F. H. A. insured mortgage to a qualified borrower but this evidence was excluded because it had no reference to the ability of the plaintiffs to obtain such a loan.

At the conclusion of the evidence the plaintiffs made the following Requests for Rulings, all of which were allowed:

1. Where parties have reduced their contract to writing, all previous or contemporaneous oral negotiations are merged in it and its terms cannot be varied, contradicted, added to, explained or enlarged by oral evidence.

2. The "purchase and sale agreement" executed by the parties to this action must be construed in its plain and ordinary language and cannot be altered or changed by extraneous evidence, in the absence of fraud on the part of the plaintiffs.

3. The evidence conclusively shows that the plaintiffs attempted in good faith to obtain an F. H. A. approved mortgage and that their application for the same was denied through no fault or connivance on the part of the plaintiffs.

4. The purchase and sale agreement executed by the parties to this action which specifically provided that "In the event that an F. H. A. approved mortgage cannot be obtained on the above mentioned estate, then the said down payment shall be returned to the party of the second part" conclusively and as a matter of law requires

a finding in favor of the plaintiffs.

5. The construction that the defendants attempt to apply to the clause mentioned in the preceding request is strained, unnatural and unjustified and as a matter of law cannot be sustained, in which case judgement must be for the plaintiffs.

6. Upon all the evidence and law the plaintiffs are entitled to recover.

The defendants made eleven Requests for Rulings which were disposed of by the Court as follows:

1. Parol evidence is admissible to show the meaning intended by the parties when the language used is doubtful, unclear and ambiguous.                          Allowed.

2. As a matter of law, the written agreement in this case, specifically the clause regarding an F. H. A. approved mortgage, is ambiguous, and parol evidence of the circumstances under which it was made and of the facts to which it relates may be introduced to ascertain the true meaning of the language as used by the parties.          Denied.

3. As a matter of law, the sale in this case was not contingent upon the approval of an F. H. A. mortgage, but the clause referring to the approval of an F. H. A. mortgage was intended to assure the buyer that the premises were suitable for an F. H. A. insured mortgage and that such a mortgage could be obtained on those premises.                          Denied.

4. The plaintiffs have failed to sustain the burden of proof that they were ready and willing to perform the agreement on their part.                          Denied.

5. Defendants have sustained the burden of proof that they were ready, willing and able to carry out their part of the agreement.                          Allowed.

6. Upon all the evidence, the Defendants have sustained the burden of proof that the Plaintiffs breached the contract.    Denied.

7. As a matter of law, the action taken by the Plaintiffs regarding an F. H. A. approved mortgage was not done in good faith and amounts in law to a breach of the agreement.    Denied.

8. Under the terms of the contract, and as a matter of law, a breach of said contract by the party of the second part (Plaintiffs) makes the down payment forfeit as liquidated damages.    Denied.

9. A statement by the party of the second part that he would not go through with the purchase except for a price lower than the contract price, and a subsequent failure and refusal to perform the contract is a breach of the contract by the party of the second part.    Denied.

10. The statements described in the preceding request, made by the Plaintiff to Defendants' Agent, has the same legal effect as if made to Defendants.    Allowed.

11. The Defendants are entitled to retain the down payment as liquidated damages, as a matter of law.    Denied.

The judge made the following findings of fact: "I find that in order to raise sufficient funds to carry out the agreement the Plaintiffs would have to obtain money on a mortgage loan."

"I further find that the Defendants tendered a deed to the Plaintiffs of the property mentioned in the agreement at the time and place called for in said agreement and that the Plaintiffs were not then and there ready and able to carry out the agreement because of the fact that they could not procure an F. H. A. mortgage loan and that the down payment of $1,260.00 should be returned to them."

The defendants claim to be aggrieved by the

rulings of the Court that the Contract was unambiguous and the consequent exclusion of parol evidence tending to explain it.

They are also aggrieved by the granting of the rulings requested by the plaintiffs and the denial of their requests, Nos. 2, 3, 4, 6, 7, 8, 9 and 11.

It is well established that parol evidence is admissible to clarify an ambiguity in a written agreement. *Stoops v. Smith,* 100 Mass. 63; *N. Y. C. R. R. v. Stoneman,* 233 Mass. 258.

However, if the agreement is not ambiguous parol evidence is not admissible to alter its terms. *Guild v. Sampson,* 232 Mass. 509; *Hiller v. Submarine Signal Co.* 325 Mass. 576.

In this case the judge found that the plaintiffs could not perform unless they were able to obtain a mortgage loan. The fact that the premises might be suitable for an F. H. A. loan to some qualified borrower could be of no value to the plaintiffs. In these circumstances we cannot say that the judge was plainly wrong in ruling that the contract was not ambiguous and that parol evidence was not admissible to explain it.

Furthermore a discussion by a party with his agent to explain their interpretation of an agreement in which they both have an interest is in its nature self serving and inadmissible. *Bay State Paper Co. v. John A. Duggan,* 214 Mass. 166.

We perceive no error in the granting of the plaintiff's requests for rulings.

It was stated in *Casey v. Gallagher,* 326 Mass. 746, that if upon the evidence, together with all rational inferences which may be drawn therefrom, the findings of the trial judge may be sustained, his decision is not to be reversed unless as a matter of law it cannot be supported upon any reasonable view of the evidence. In this case we feel that as a matter of law the decision is amply supported by the evidence.

We do not feel that the judge was influenced by

the manner in which he dealt with the plaintiffs' rulings but reached his conclusion only after a careful analysis of all the evidence. *London Clothes Ltd. v. Maryland Casualty Co.*, 318 Mass. 692.

With regard to the Defendants' Requests for Rulings, Requests # 2, 3, 4, 6 and 7 were properly denied as being based on facts not found by the Court.

While Request #8 might have been allowed, it could not have affected the result since the Court found as a fact that the plaintiffs did not breach the contract. Similarly the defendant is not harmed by the denial of Request #9 since there was ample evidence to support the finding of the Trial Judge that the plaintiff did not breach the contract.

Request #11 could have been given only if no reasonable fiew of the evidence could have supported a finding for the plaintiff. Since there was sufficient evidence to sustain the finding of the Court, the defendant is not prejudiced by the denial of this request.

We find no prejudicial error in the Rulings of the Trial Judge and the Report is ordered Dismissed.